## C. D. GRACE, Adm., v. M. B. HANKS et al.

### SUPREME COURT, AUSTIN TERM, 1882.

*Trespass to try title—Evidence of fraudulent conveyance—Rule applicable.*— To the testimony of a witness that a conveyance of land was without consideration, and made to defraud creditors, the same rule may be applied to

determine whether or not the testimony was sufficient to sustain the verdict that would be applied in a case in which one is seeking to establish a resulting trust in land by parol testimony.

*Same—Corroboration.*—Such testimony, embracing the declarations of the vendee, that no valuable consideration was paid for the land, and he only took title to prevent the sale of land by creditors, was admissible, and if supported by testimony of witness as to other corroborative facts, the verdict of the jury should not be disturbed.

Appeal from Fannin county.—This was an action of trespass to try title. Martha B. Hanks and her husband, Nathan D. Hanks, brought this suit against Charles Doss, W. C. Bruce, James T. Steens, Charles D. Grace, as administrator of the estate of John R. Woolfolk, deceased, and Julia Woolfolk, surviving widow; Mildred Woolfolk, Lee Woolfolk, Julietta Woolfolk, Almira Woolfolk, James Woolfolk, Gilbert Woolfolk, Lizzie Woolfolk, and Florence Woolfolk, heirs of John R. Woolfolk, deceased, for an undivided one-half of 320 acres of land, it being the east half of the 640 acre headright of Rachel Baker, lying in Fannin county, Texas, on Red River, claiming rents, etc. Charles D. Grace, for himself as administrator, and as attorney for the heirs of John R. Woolfolk, deceased, filed his answer demurring to petition, plea of general denial, and plea of not guilty.

W. C. Bruce filed his answer, disclaiming any interest in said land, but merely occupying a part of the land as tenant for Charles Doss.

Charles Doss filed his answer, setting forth general demurrer, plea of not guilty, and plea of general denial; and, for special defence, set up that he is the legal and equitable owner of the entire tract of land sued for, charging that William Baker supported his mother, Rachel Baker, and was entitled to the entire 320 acres of land; and further, that the defendants, Grace and heirs of John R. Woolfolk, deceased, claim under a deed given for the purpose of defrauding creditors of James M. Bumpass, and that the said John R. Woolfold, deceased, was, at the time of the making of said deed by said Bumpass to him, well informed as to the insolvent condition of said Bumpass, and was aiding and abetting said Bumpass in defrauding his creditors. That the deed from Bumpass to Woolfolk was null and void. Plea of innocent purchasers, plea of limitations of one year, with improvements in good faith. Charles D. Grace, as administrator, and for heirs of said Woolfolk, deceased, set up, in answer to said Doss' answer, plea of

not guilty and plea of general denial. Jury had, and verdict for one-half said land in favor of Martha B. Hanks, and for said Doss for the other half.

C. D. Grace, for himself as administrator, and as attorney for heirs of Woolfolk, deceased, filed his motion for new trial in due time, which motion was overruled by the court, from which Grace, as administrator, appealed.

C. D. Grace for appellant. R. B. Semple for appellee.

Opinion by Stayton, J.—The land in controversy having been granted to the mother of Mrs. Hanks, and it not appearing that either Mrs. Hanks or her mother had parted with title to the land, there can be no pretense that the judgment in favor of her for one-half of the land is not correct.

The other half of the land having vested in W. R. Baker, the brother of Mrs. Hanks, and son of the original grantee, it only becomes necessary to consider whether there was error in the judgment of the court, which gave the other half of the land to the defendant Doss.

That title to the half of the land which vested in W. R. Baker was conveyed to Bumpass, under whom both the defendant Doss and John R. Woolfolk, of whose estate appellant Grace is the administrator, is not questioned.

It is immaterial whether the judgment against Bumpass, rendered in 1861, gave a lien upon the land at the time the same was sold thereunder, or not; for it authorized the issuance of an execution against Bumpass, and evidenced as against him a debt due before he conveyed the land to John R. Woolfolk; and a sale under that execution carried to the immediate vendor of the defendant, Doss a title to the land superior to that in John R. Woolfolk, if as alleged by the defendant Doss, and found to be true by the jury, the conveyance from Bumpass to Woolfolk was made without valuable consideration and to defraud creditors.

The only question in the case is as to the sufficiency of the testimony of the witness Hopper to establish that the conveyance from Bumpass to Woolfolk was without valuable consideration, and made to hinder, delay or defraud creditors.

If that conveyance was fraudulent, Woolfolk held the legal title in trust for the creditors of Bumpass; and we may apply to to the testimony of Hopper the same rules, in determining whether or not his testimony was sufficient to sustain the verdict, that would

be applied in a case in which one is seeking to establish a resulting trust in land by parol testimony.

In a long line of decisions by this court, it has been established that the testimony of a single witness, testifying to the declarations of a deceased person, alleged to be a trustee holding the legal title for another, is not sufficient to establish title to land in an alleged *cestui que trust*, in opposition to a deed which, upon its face, purports to convey the legal title to such alleged trustee; and this is a wholesome rule, having its foundation in a sound public policy.

Such testimony is unreliable, as has been often stated, because such declarations may easily have been misunderstood by the witness; and, if he be entirely honest, after a long lapse of time, the declaration may be but imperfectly reproduced. But, perhaps, a more serious objection to the sufficiency of such evidence is found in the fact that no means are left by which such testimony, whether willfully or unintentionally untrue, may be contradicted. (Neil v. Keese, 5 Texas, 23; Mead v. Randolph, 8 Texas, 191; Miller v. Thatcher, 9 Texas, 482, and subsequent cases.)

Such is the solicitude which the law has shown for the security of titles to land, that ordinarily title to such property is required to be evidenced by writing, and nothing but the apparent necessity to permit title to real property to be shown by parol testimony, in order to defeat fraud, and protect rights therefrom, authorizes an exception to the general rule. In this case, if the testimony of the witness Hopper embraced nothing more than the mere declarations of Woolfolk that he paid nothing for the land, and only took title from Bumpass for the purpose of selling the land and paying the proceeds thereof to him, in order to prevent the sale of the same by his creditors, we would be bound to reverse the judgment of the court below.

The testimony of Hopper was admissible as to the declaration of Woolfolk, and if supported by testimony of even himself as to other facts which corroborated sufficiently his testimony as to the declarations of Woolfolk, then the verdict of the jury should not be disturbed. This witness testified that he had known both Bumpass and Woolfolk from his childhood, and that at the time Bumpass made the deed to Woolfolk he was heavily involved in debt, and that Woolfolk was then in poor financial condition, and had no property.

This was evidence not subject to such objections as is evidence of mere declarations of a deceased person, for it is subject to con-

tradiction, and may easily be shown to be untrue, if such be the case. The consideration named in the deed from Bumpass to Woolfolk was two thousand dollars.

The answer of the defendant Doss alleged that the conveyance to Woolfolk was without consideration, and set out the purposes and intent with which the same was executed. Yet no evidence whatever was offered to show that any consideration passed from Woolfolk to Bumpass for the land, nor that Woolfolk at the time the deed was made had means with which he could have paid for the land; nor to show that Bumpass was not then insolvent; nor does it appear that Woolfolk took possession of the land or exercised acts of ownership over it. Bumpass was shown to be alive, and if in truth the fact was not as alleged by defendant Doss, and as stated by the witness Hopper, the contrary might easily have been shown. But no effort seems to have been made to bring evidence to show that the sale to Woolfolk was *bona fide* and for a valuable consideration. The want of any such evidence, under the pleadings and proof in the case, is a circumstance which might be taken into consideration by a jury in a case in which such an issue was presented as in this.

While proof of the declarations of Woolfolk would not have been sufficient to sustain the verdict, yet we are of the opinion that the other facts testified to by Hopper, in connection with the entire failure upon the part of the appellant to bring any evidence to rebut that which was given, presents a case in which we cannot say that the evidence was insufficient. The question was fairly presented to the jury by the charge of the court, and cannot now be disturbed.

The court did not err in refusing to permit the introduction in evidence of the record in the case of the appellant, as administrator of the estate of Woolfolk, against Garrett, in order to show that the immediate vendor of the defendant Doss had notice of the claim of Woolfolk to the land at the time he purchased the same under the execution against Bumpass; for the question of notice of such claim was unimportant, if in fact Woolfolk was not a *bona fide* purchaser for a valuable consideration from Bumpass; for the right of the creditor of Bumpass to ignore that sale, under the decisions of this court, inure to the benefit of the purchaser at the execution sale, and to his vendees, and they may assert the in-

validity of such sale, as was done in this case. (Lynn v. LeGierse, 48 Texas, 138.)

There being no error in the judgment of the court below, the same is affirmed.