## John Wagner v. Mary Isensee and Charles Wagner.
### No. 956.

1. **Evidence—Transactions With Decedent.**

Plaintiffs brought suit against their brother for their deceased father's entire interest in the land, claiming, however, under a deed from the father, and the defendant answered that the deed was made in trust to all the children, including himself. Held, that the suit was not by or against heirs in their capacity as such, and that the defendant was not incompetent under article 2248 of the Revised Statutes to testify as to statements by and transactions with the deceased father tending to establish the alleged trust.

2. **Same.**

The suit was also for partition between plaintiffs and defendant of their respective interests in the land inherited from their deceased mother, but as this did not involve any transaction with or statement by the mother, it could not affect the competency of defendant to testify as to transactions with the father.

APPEAL from Harris.   Tried below before Hon. S. H. BRASHEAR.

*F. F. Chew, Sr.,* for appellant.

*W. P. Hamblin,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—This was a suit for partition of real estate in Houston in which appellees, who were plaintiffs below, claimed one-half of it under a deed from their deceased father to Charles Wagner, and claimed two-thirds of the other half as heirs of their mother, acknowledging the appellant, defendant below, who was their brother, to be the owner of the other third of such half. Appellant claimed not only the interest admitted by plaintiffs to belong to him, but also a third of the father's half, on the ground that the deed made by the father before his death to Charles Wagner was made upon an express trust by which Charles Wagner was to hold the legal title in trust for all the children. After the evidence was heard, the court instructed the jury that there was not sufficient evidence to establish the trust asserted, and this instruction is assigned as error. Before the suit was brought, Charles Wagner had conveyed to his sister, Mrs. Isensee, one-half of the interest claimed under the deed from the father. Appellant himself was the only witness who testified to the nature of the transaction in which the deed was executed to his brother, Charles, and without his testimony it is clear that there would not be evidence sufficient to submit to the jury. Appellees contend that under article 2248, Revised Statutes, he was incompetent to testify as to statements by or transactions with his deceased father.

In order to disqualify a witness under that provision, the suit must be one "by or against heirs or legal representatives of a decedent." This means that the suit must either be by heirs, or against heirs, in their capacity as such. The suit by plaintiffs was partly as heirs of their deceased mother and against defendant as one of such heirs, but did not involve any transaction with or statement by her. Hence, that fact cannot affect the competency of the witness to testify as to transactions with their father. The title asserted by plaintiffs under their father was claimed through the deed to Charles Wagner, and not by inheritance; and the claim of appellant, also, was asserted under that deed as one of the beneficiaries of the trust alleged to have been created by it. Thus both sides were asserting rights, not by inheritance, but by conveyance from John Wagner, Sr. They were not litigating that issue as heirs. The issue is, in law, the same as if none of the parties were related to the grantor. Hence, as their mere interest in the suit did not disqualify them, the nature of the issue was not such as to render them incompetent to testify to the transaction in question, if that transaction was such as is above supposed. The Supreme Court has repeatedly held that the terms of disqualification used in this statute are not to be extended by construction to cases not within the language.

The allegations in the answer are not entirely consistent with each

other, some of them seeming to assert that the deed never took effect for want of delivery, and others that, if it did, it vested the legal title in the grantee in trust for the grantor.  If appellant's claim should be that the title remained in John Wagner and that one-third of the property descended to him, then his attitude would be that of an heir asserting a claim as such against plaintiffs, and would seem to fall within the very language of the statute, and he could not, in support of such a claim, testify to a transaction with or statement by decedent.  Parks v. Caudle, 58 Texas, 216.

But, as his testimony was competent to establish a trust in his favor under the conveyance to Charles Wagner, the question occurs, was there sufficient evidence tending to substantiate his allegations in this regard to require the court to submit the question to the jury, and we are of the opinion that there was.  The testimony was as to the transaction itself in which the trust is claimed to have been created, and not merely to declarations of the alleged trust.  Hence the decisions stating the rule in such cases where it is sought to establish the trust by proof merely of declarations of the trustee are not applicable.

But, even if they were, we think, the facts and circumstances appearing in evidence were sufficient to submit to the jury.  Grace v. Hanks, 57 Texas, 14; Neyland v. Bendy, 69 Texas, 711; Baylor v. Hopf, 81 Texas, 637.

As the case is to be tried again, we make no comment on the evidence.

*Reversed and remanded.*

Delivered November 21, 1895.