ESTATE OF P. P. POWELL, DECEASED, ET AL. v. EDDIE WALKER ET AL.

Decided October 31, 1900.

**1. Consolidation of Actions—Repleader.**

There was no error in consolidating a suit by a surviving husband to foreclose a vendor's lien and a suit in trespass to try title by the heirs of his deceased wife against the same defendant to recover a half interest in the same property claimed by inheritance from the wife; nor was it error to refuse defendant's motion to grant an order of repleader directing the consolidated actions to be embraced in a single petition.

**2. Pleading—Parol or Written Promise.**

In a suit to foreclose a vendor's lien it was not necessary to allege whether the promise to pay was verbal or written, or the lien express or implied, nor whether

the debt was a part of the consideration expressed in the deed, nor that the interest claimed was due by contract.

**3.  Harmless Error—Irrelevant Evidence.**

Admission of irrelevant evidence will not be ground for reversal where it clearly could not have affected the verdict.

**4.  Deed—Consideration—Parol Evidence—Vendor's Lien.**

Parol evidence of declarations by one deceased is admissible and may be sufficient to show a consideration for sale of land in addition to that named in the deed and obtain foreclosure of the vendor's lien therefor, though held insufficient to establish a trust. Muckelroy v. House, 21 Texas Civil Appeals, 73; Grace v. Hanks, 57 Texas, 15, and Cuney v. Dupree, 21 Texas, 211, distinguished.

APPEAL from Coleman. Tried below before Hon. J. O. WOODWARD.

*J. K. Baker* and *R. W. Brown,* for appellants.—The court erred in overruling defendant's motion to require plaintiffs to replead after the consolidation of the two suits, there being two original petitions in said cause.

Proposition under above assignment: The pleadings of plaintiffs should consist of one original petition and such supplemental petitions as may be necessary. Rev. Stats., art. 1191; Guadalupe Co. v. Johnson, 1 Cal., 715; Morrison v. Insurance Co., 69 Texas, 359; Hallis v. Chapman, 36 Texas, 2.

Second, third, and fourth assignments of error will be grouped together and adopted as propositions:

(2) The court erred in overruling this defendant's special exception number 1 to plaintiff H. D. Walker's original petition, for the reason stated in said exception, to wit: Said petition fails to show whether the alleged promise to pay the $1000 was a verbal or written promise, and fails to show whether the alleged lien was an express or implied one, or that the alleged promise to pay was based upon a valuable consideration, which is more fully shown in section number 2 of defendant's motion for a new trial.

(3) The court erred in not sustaining defendant's special exception number 2 to plaintiff H. D. Walker's original petition, because said petition does not show whether the alleged $1000 was a part of the consideration expressed in said deed referred to in said petition, or whether it was a promise to pay $1000 other than the consideration expressed in said deed, or whether the alleged promise to pay was in writing or verbal.

(4) The court erred in not sustaining defendants' special exception number 3 to plaintiff H. D. Walker's original petition, because said petition seeks to recover interest on the said $1000, there being no allegation therein that deceased promised to pay any interest, in writing or otherwise, and no allegation as to what rate of interest he was to pay, if any, nor when same should begin to bear interest.

*Sims & Snodgrass,* for appellees.

FISHER, CHIEF JUSTICE.—On July 14, 1898, plaintiff H. D. Walker, one of the appellees, filed his petition in the District Court of Coleman County to recover of the estate of P. P. Powell, deceased, appellant, $1000, alleging that on the 16th day of March, 1895, he conveyed lot 8 in block 3 of the original town of Coleman to the deceased, and deceased promised to pay him said $1000 when a certain deed of trust was paid off, and that said $1000 was a part of the purchase money for said lot. And on same day Eddie Walker, Hattie Walker, Annie Walker, Laura Walker, Howard and Lula Walker, minors, by their next friend, E. H. Napier, filed their petition in action of trespass to try title to recover of estate of P. P. Powell, deceased, one-half interest in said lot, and made Mary E. Powell (widow) and Wilmer and Clayton Powell (children)· also defendants. Their petition contained the usual allegations of trespass to try title.

On September 30, 1898, these two suits were consolidated and ordered tried together under the style of Eddie Walker et al. v. Estate of P. P. Powell et al., No. 572. The consolidated cases were tried on the 27th day of February, 1900, and on special issues submitted by plaintiff, the jury found that Mrs. A. L. Walker, deceased, had no separate interest in the said property, but that P. P. Powell, deceased, promised to pay H. D. Walker $1000 as part of the purchase money of said lot when the Beaumont and Paddleford mortgage was paid off.

On the special issues submitted by defendants, the jury found that said property was community property of H. D. Walker and wife A. L. Walker, deceased, and that said H. D. Walker sold said lot to the deceased, P. P. Powell to pay a debt of $1500 that was a lien on said property at the time of said sale, and was a community debt of said H. D. Walker and wife, and that the deceased, P. P. Powell, paid off said community debt. And the court rendered judgment· against the estate of P. P. Powell, deceased, defendants below and appellants herein, for the sum of $1000, with 6 per cent interest thereon from the 15th day·of December, 1897.

R. B.·Hollingsworth was made a party to this suit on motion of the defendants and set up his claim of $1500 against said estate, which was secured by a mortgage on said property given by the deceased, Powell, and judgment was rendered in his favor foreclosing said mortgage.

From the judgment rendered in favor of plaintiff H. D. Walker against defendant below 'and appellant herein, this appeal has been perfected after the court overruled a motion for a new trial herein.

As the appellants only complain of that part of the judgment of the court below in favor of Walker, this opinion will be confined to that part of the case. The special findings which support the judgment in favor of Walker are set out in the record and need not be here repeated; but we will state the facts upon which we find the verdict is based.

The lot in question, No. 8. in block 3 of the town of Coleman, was originally owned by D. A. Paddleford, who during his ownership executed a mortgage thereon to secure a debt of $1000 due by G. B. Beaumont to one A. W. Caswell. During the time of the existence of

this mortgage and debt, Paddleford sold the lot to plaintiff H. D. Walker. Thereafter Walker sold the lot to P. P. Powell for the purpose of paying off community debts due by Walker; $1000, a part of the consideration for which the lot was sold, was, between Walker and Powell, agreed to be paid by Powell when the mortgage executed by Paddleford to Caswell was fully paid off. In December, 1897, this mortgage was paid off. We find upon the discharge of this mortgage Powell agreed to become bound and promised to pay the $1000 in controversy to Walker, as a part of the consideration and purchase price of the lot in controversy. The deed executed by Walker to Powell, which is set out in the record, does not state that this was a part of the consideration, but the parol evidence in the record establishes the facts as above stated. The property in controversy was the community property of Walker and his wife. Mrs. Walker was dead at the time this suit was brought, leaving surviving her, as the children of herself and H. D. Walker, the appellees Eddie Walker, Hattie Walker, Annie Walker, Laura Walker, Howard and Lula Walker.

There was no error in the ruling of the court on the points raised with reference to the consolidation of the cases set out in the record, nor in refusing to require the plaintiffs to replead.

The second, third, and fourth assignments of error are not well taken. The pleadings were sufficient.

If there was error in admitting the testimony complained of in the fifth and sixth assignments of error, the ruling of the trial court should be considered as harmless, because in no possible view of the case could such testimony have influenced the special finding of the jury.

The remaining assignments of error complain of the ruling of the court in admitting evidence establishing the fact that the $1000 was a part of the consideration of the deed executed by Walker to Powell, and insist that if such testimony was admissible it was not sufficient to establish such fact. In order to prove that the $1000 was a part of the consideration promised to be paid by the deceased, P. P. Powell, to Walker for the lot in controversy, the appellees relied almost solely upon the evidence of D. A. Paddleford, who is not a party to this controversy, who testified to declarations and statements made by P. P. Powell to him, to the effect that $1000 was retained by him under the agreement with Walker until the mortgage executed by Paddleford to Caswell should be paid off, and that this $1000 was a part of the consideration of the purchase price of the lot, to be paid by Powell to Walker.

The appellants contend that the effect of this evidence was to establish a trust upon the legal title and was to vary the legal effect of the deed executed by Walker to Powell, as that instrument is silent upon this question, coupled with the propositions that the deed, in the absence of allegations of fraud or mistake, could not in its legal effect be so controlled, and that the parol trust could not be established by the evidence of one witness testifying to the declarations of the deceased grantee.

In the case of Muckelroy v. House, 21 Texas Civil Appeals, 673,

relying upon the ruling made by the Supreme Court in the case of Grace v. Hanks, 57 Texas, 15, and Cuney v. Dupree, 21 Texas, 211, it is held that the evidence of a single witness without corroboration, testifying to the declarations of a deceased person alleged to be a trustee holding the legal title, was not sufficient to establish the trust. The reason for the ruling is fully stated in Grace v. Hanks, and while we adhere to the ruling announced in this decision, it nowise militates against the ruling made by this court in the recent case of Pace v. Mortgage Company, 56 Southwestern Reporter, 377, because there the trust was established by the testimony of a witness who was personally cognizant of the facts upon which it was based, and was not, as in the case of Muckelroy v. House, testifying as to the declarations and statements of a deceased person. If in the case before us the purpose was to establish a trust, as in the case of Muckelroy v. House, we would be inclined to agree with the contention of appellants; but such was not the purpose and the legal effect of the evidence introduced in this case. It was simply to establish the consideration and the amount of purchase money that was agreed to be paid to Walker by Powell. It has been repeatedly held that this could be done, although the terms of the deed were silent upon this question, or did not correctly or accurately state the true consideration. Such being the purpose and object of this evidence, the fact could be established by the declarations of the party who made the promise.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*