## P. B. JENNINGS ET AL. v. LELLA E. BORTON ET AL.

### Decided November 23, 1906.

**1.—Suit by Heirs—Testimony of Heir—Article 2302, Rev. Stats., Construed.**

Where the plaintiffs sued as heirs of their father for his interest in community property conveyed by the surviving mother to one of the children, such child, the grantee in the deed, may testify concerning the delivery of the deed to her by the mother. Such testimony does not come within the prohibitions of article 2302, Revised Statutes.

**2.—Same.**

In a suit by certain heirs against other heirs for an interest in property of the estate, where one of the defendants claims the land in controversy, not as an heir, but as a grantee from the surviving mother, the provisions of article 2302, Revised Statutes, do not apply.

**3.—Survivor—Payment of Debts—Pleading—Issue.**

Where the issue made by the pleadings was whether or not the surviving wife had enlarged her interest in the community estate by the payment of community debts with her separate means, testimony as to an agreement between her and the heirs concerning the use and management of the estate by her was not admissible.

**4.—Same—Reimbursement.**

A surviving wife who pays community debts can not be held an intermeddler paying a debt with which she has no concern, and when she pays such debts out of her separate estate she will be subrogated in equity to the rights of the creditors, and may reimburse herself by taking property of the estate, provided it be fairly done, and not to the detriment of the estate.

**5.—Same—Same.**

If a surviving wife in fact had an interest in the community estate equal to that which she undertook to convey it would be immaterial upon what idea of right she based her action.

Appeal from the District Court of Walker County. Tried below before Hon. Gordon Boone.

*Andrews, Ball & Streetman* and *Dean, Humphrey & Powell,* for appellants.—It was not competent under the law for the witness, Mrs. Lella E. Borton, in her own behalf, to testify to the delivery of the deed from her mother to her, the delivery of said deed being an issue in the case, and said witness should not have been permitted to testify to actual transactions with a deceased mother, not having been called to testify by the opposite party. Rev. Stats., art. 2302; Parks v. Caudle, 58 Texas, 216; Alexander v. Lewis, 47 Texas, 481.

Under the issues made by the pleadings and the evidence in the

case, it was competent for plaintiffs to prove, by the defendant, Mrs. E. S. Hightower, in substance, that after the death of P. J. Jennings, his widow, M. A. C. Jennings, by agreement with the heirs of P. J. Jennings, was permitted to remain in possession of the entire estate of herself and her deceased husband, real and personal, using same, and the fruits and revenues thereof, for the payment of community debts due by said estate, and for her own use and benefit. Art. 2302, Sayles' Civil Statutes; Clark v. Clark, 51 S. W. Rep., 341; Mitchell v. Mitchell, 15 S. W. Rep., 707; 1 Greenleaf on Evidence, 113; Goldman v. Blum, 58 Texas, 641; Horton v. Reynolds, 8 Texas, 289; Markham v. Carothers, 47 Texas, 27.

*Hutcheson, Campbell & Hutcheson* and *Hill, Williams & Elkins,* for appellees.—The question of whether Mrs. M. A. C. Jennings delivered the deed referred to or who deposited same in the Gibbs National Bank for safekeeping, was not an issue in this case made by the pleadings. It was not denied that Mrs. Jennings executed the deed, the only issue made by the pleading as to said deed being whether or not it conveyed the specific two hundred acres of land or only one-half thereof; and the admission of said evidence was, if error, wholly immaterial. Andrews v. Key, 77 Texas, 38; St. Louis R. R. v. Turner, 20 S. W. Rep., 1010; Hill v. Smith, 25 S. W. Rep., 1080.

This being a suit against Ben Campbell, executor of the estate of M. A. C. Jennings, as such executor, by the plaintiffs, and the interest of E. S. Hightower and Bettie Thornton being identical with that of plaintiffs, they are not competent witnesses at the instance of plaintiffs to testify as to any transaction with or statement by M. A. C. Jennings, deceased, concerning the subject matter of this suit. Sayles' Civil Statutes, art. 2302; Alexander v. Lewis, 47 Texas, 481; Reddin v. Smith, 65 Texas, 26; Bennett v. Virginia Land Co., 21 S. W. Rep., 126; Parks v. Caudle, 58 Texas, 216.

Where plaintiff did not reply to defense asking affirmative relief, no judgment can be rendered for him. Lapowski v. Smith, 20 S. W. Rep., 959; Fields v. Rye, 59 S. W. Rep., 307; Huss v. Wells, 44 S. W. Rep., 35; Caldwell v. Haley, 3 Texas, 318; Lybrand v. Fuller, 59 S. W. Rep., 50; Thompson v. Thompson, 12 Texas, 329.

If there had been proof without such allegations to sustain it, it should be disregarded. Republic v. Frost Thorn, 3 Texas, 499; Wright v. Wright, 3 Texas, 168; Carter v. Wallace, 2 Texas, 206.

Error to admit evidence on matters not pleaded. Tarlton v. Daily, 55 Texas, 94.

M. A. C. Jennings being a joint owner with the children of P. J. Jennings in the 709 acres of land on which was situated the house that she made the improvements upon, it was proper for the trial court to find as to such improvements, because, in a partition of land between joint owners where one of them has made improvements, equity will set apart to him that portion on which his improvements are situated. Taylor v. Taylor, 26 S. W. Rep., 891; Lewis v. Sellick, 69 Texas, 383; Robinson v. McDonald, 11 Texas, 389.

No portion of the crop for the year 1887 having been gathered at the death of P. J. Jennings, the rent of the 200 acre homestead for

that year was the separate property of M. A. C. Jennings, the surviving widow, as well as the rent of each year thereafter on the 200 acre homestead for the balance of her life, she having occupied said land as a home, and the plaintiffs nor the estate of P. J. Jennings had any right to or interest therein.   Constitution of Texas of 1876, art. 16, sec. 52; Hudgins v. Samson, 72 Texas, 229; Ball, Hutchings & Co. v. Lowell, 56 Texas, 579; Akin v. Jefferson, 65 Texas, 137; Foster v. Johnson, 36 S. W. Rep., 67.

Surviving wife is not personally liable for community debts, and when she extinguishes community interest in any given article of property, the title thereto immediately vests in her.   Leatherwood v. Arnold, 66 Texas, 417.

Ungathered crop not subject to debts of creditors.   Alexander v. Holt, 59 Texas, 205; Coates v. Caldwell, 71 Texas, 21; Ross v. McGuffin, 2 Texas App. Civ. Cases, 404.

Mrs. M. A. C. Jennings had the right, as she did, to appropriate sufficient of the lands belonging to the community estate of herself and husband, to reimburse her for the community debts paid by her with her separate funds.   Robinson v. McDonald, 11 Texas, 389; Davis v. Harmon, 29 S. W. Rep., 493; Walker v. Howard, 34 Texas, 478; Sanger v. Moody, 60 Texas, 96; Ashe v. Yungst, 65 Texas, 631; Watts v. Miller, 76 Texas, 15; Fagan v. McWhirter, 71 Texas, 569; Nelms v. Nagle, 35 S. W. Rep., 60; Burkett v. Key, 42 S. W. Rep., 231.

A survivor of community has unlimited power with property of the estate; he may use his own means in paying the debts, and may reimburse himself by appropriation.   Leatherwood v. Arnold, 66 Texas, 414; Davis v. Harmon, 29 S. W. Rep., 493.

It is not necessary to vest the surviving husband or wife with this power to qualify as survivor of the community or administer on the estate; they have that right independent of the courts.   Leatherwood v. Arnold, 66 Texas, 414; Ladd v. Farrar, 17 S. W. Rep., 56; Fagan v. McWhirter, 71 Texas, 569; Davis v. Harmon, 29 S. W. Rep., 493; Burkett v. Key, 42 S. W. Rep., 231.

Surviving wife not personally responsible for community debts. When she extinguishes community debts, the property of the community becomes absolutely hers to the extent of the debts paid.   Leatherwood v. Arnold, 66 Texas, 414; Sanger v. Moody, 60 Texas, 96.

On death of husband, wife and children are tenants in common of the community property.   If she occupies all of the land without excluding the children, they can not compel her to account for profits. Achin v. Jefferson, 65 Texas, 142; Neil v. Shackleford, 45 Texas, 119; Leatherwood v. Arnold, 66 Texas, 417; Spicer v. Henderson, 43 S. W. Rep., 29; Richardson v. Overleese, 44 S. W. Rep., 310.

Surviving wife can not be required to account, as trustee, for community estate by other tenants in common.   Foster v. Johnson, 89 Texas, 645.

One cotenant not liable to other cotenants for rent of community property, in the absence of express agreement to pay rent.   Anderson v. Clanch, 6 S. W. Rep., 762; Hunter v. Wall, 2 S. W. Rep., 705.

REESE, Associate Justice.—P. J. Jennings died intestate in Walk-

er County September 27, 1887, leaving a widow, M. A. C. Jennings, and the following children of himself and his said widow, to wit: P. B. Jennings, Ellen Martin, wife of W. T. Martin, E. S. Hightower, widow, Carrie H. Lockett, widow, Betty A. Thornton, widow, and Lella E. Borton, wife of W. H. Borton, and the following grandchildren, representatives of children deceased: May Lemmons, wife of I. J. Lemmons, and Sadie Hall, wife of J. H. Hall, children and only heirs of Sarah Hardy, deceased, and Wm. J., Amelia and Willie E. Jennings, children and only heirs of W. E. Jennings, deceased. Said P. J. Jennings at his death owned and possessed a tract of 709 acres of land on which he lived with his said wife, the only constituents of the family, and some personal property consisting of horses and mules, a wagon, a few head of cattle, some hogs and other articles of personalty of small value. All of said property was community property of the said P. J. Jennings and his wife, M. A. C. Jennings. At the date of his death deceased left indebtedness amounting to about $2,000. There was no administration upon the estate of P. J. Jennings nor did his widow qualify as survivor of the community, but took possession of all of the community and continued to use same, and to use and enjoy the rents and revenues of a portion of the real estate until her death in 1902. About 275 acres of the land was or had been in cultivation, of which she rented out about 100 acres. On August 23, 1900, M. A. C. Jennings conveyed to her daughter, Lella E. Borton and children, a specific 200 acres of the said tract of 709 acres, including the homestead residence and some of the tillable land. Upon her death in 1902, M. A. C. Jennings left a will which was duly probated in which Ben Campbell was named as independent executor and by which she undertook to dispose of the entire residue of the community estate of herself and her deceased husband, except the 200 acres which she had previously conveyed by deed to Mrs. Borton. After giving small tracts of land to P. B. Jennings, the children of Mrs. Hardy and of W. E. Jennings to render their shares, together with certain land conveyed to those heirs by P. J. Jennings in his lifetime, and which was assumed to be advancements to them, equal to that of the other four daughters, the testatrix divided the balance of the land, 509 acres, equally between her four daughters, Mrs. Hightower, Mrs. Lockett, Mrs. Martin and Mrs. Thornton.

This suit is brought by P. B. Jennings, a son, and May Lemmons and Sadie Hall, grandchildren, joined by their husbands, against Mrs. Borton and her children and the other heirs at law of P. J. and M. A. C. Jennings, and Ben Campbell, executor of Mrs. Jennings, to recover and have partitioned among said heirs their interests as heirs at law of P. J. Jennings in said community estate.

In the suit the execution and delivery of the deed of M. A. C. Jennings to Mrs. Borton and her children is pleaded, but it is claimed that the same served only to pass the one-half interest of M. A. C. Jennings in said 200 acres, and it is sought to recover and have partitioned among the heirs of P. J. Jennings 100 acres of said tract as his share thereof. Plaintiffs seek nothing as heirs of their mother, but claim only their share of their father's one-half of the community.

Mrs. Hightower, Mrs. Lockett, Mrs. Thornton and Mrs. Martin

made no answer. The children of W. E. Jennings answered by general demurrer and general denial and specially denied that their father had received any advancement in his lifetime. Mrs. Borton and her children and Ben Campbell, the executor, answered separately; their defense, so far as is necessary to be here shown, being that at the death of P. J. Jennings the community was largely indebted, and that M. A. C. Jennings, the widow, had paid said indebtedness out of her separate means and had thereby become entitled to reimburse herself out of the community estate for such payments, and that the 200 acres of land conveyed by her to Mrs. Borton was not more in value than the interest of M. A. C. Jennings in said community estate, taking into the account her one-half as survivor and her interest on account of said community indebtedness paid with her separate means. It was claimed that M. A. C. Jennings had appropriated the said 200 acres as her share of the community and to reimburse herself for said expenditures by her, and had conveyed the same to Mrs. Borton.

Plaintiffs in a supplemental petition denied the payment of community debts by M. A. C. Jennings out of her separate means and the appropriation of the land conveyed to Mrs. Borton and her children as reimbursement therefor, and claimed that such indebtedness had been paid out of community funds.

The principal, if not the only, issues of fact in the case were, as to the amount of community indebtedness, and the payment thereof by M. A. C. Jennings out of her separate means.

The court found that the 200 acres was worth $2,500 and the balance of the land, 509 acres, was worth $1,500; that Mrs. Jennings had paid at least $1,200 of the community debts out of her separate means; that the 200 acres was not more in value than her interest in the community estate, taking into consideration her one-half as survivor, and the amount necessary to reimburse her out of the community for the $1,200 so paid, and that she had so appropriated the said 200 acres. The 200 acres was given to Mrs. Borton as Mrs. Jennings' share in the entire community estate, together with the rent thereon since Mrs. Jennings' death. The heirs of W. E. Jennings were held, on account of the advancements to their father, to be entitled to nothing out of the estate, and the balance of the community, consisting of the 509 acres of land and certain money collected as rent thereon since Mrs. Jennings death. was awarded in equal shares to the plaintiffs and the other defendants, not including Mrs. Borton, and certain other personal property was divided one-half to the executor and the other half in equal shares to the other heirs, not including Mrs. Borton. To the executor was given $215 rent on the homestead the last year of Mrs. Jennings life. From this judgment plaintiffs appeal.

In their first and second assignments of error appellants complain of the action of the court in allowing Mrs. Borton to testify, over their objection, as to the delivery of the deed to her by her mother. In their petition appellants claimed nothing as heirs of Mrs. Jennings. Their suit against Mrs. Borton was directed against her claim to the entire 200 acres under the deed. Mrs. Borton claimed nothing and was awarded nothing except the 200 acres under the deed. We think the

testimony does not come within the provisions of article 2302, Revised Statutes.

As a further ground for overruling these assignments it does not appear that the execution and delivery of the deed was in issue. The only issue was as to the right of Mrs. Jennings to convey more than her community half of the 200 acres; and further, the delivery of the deed was abundantly proven by the express provisions of Mrs. Jennings' will, wherein she states that she had delivered the deed to Mrs. Borton on the date of its execution. If further reason were needed, H. E. Borton, witness for appellees, testified, without objection, that the deed was given to his mother, Lella E. Borton, after it was signed. The testimony as to the delivery was not contradicted in any way.

By their third and fourth assignments of error appellants assail the action of the court in refusing to admit the testimony of Mrs. Hightower and Mrs. Thornton that upon the death of P. J. Jennings an agreement had been entered into between Mrs. Jennings and the heirs that she should be allowed to retain possession, use and control of all of the community property during her life in consideration of which she agreed to pay the debts and keep the property intact for distribution after her death. The witnesses, who were defendants, were called to testify by plaintiffs, and the testimony was objected to by appellees on the ground that the interest of the witnesses was identical with that of appellants, notwithstanding they were named as defendants, and they were prohibited from testifying under the statute (article 2302, Revised Statutes) and further that there was no pleading to authorize this testimony.

The first objection, we think, was not good. The testimony was relevant only to the issue as to Mrs. Borton's rights under the deed from Mrs. Jennings, and to rebuke the claim made by her and the executor that by payment of community debts out of her separate means Mrs. Jennings had enlarged her interest in the community estate to the extent of the value of the 200 acres conveyed to Mrs. Borton. Mrs. Borton set up no claim except under this deed, and the executor set up no claim to any part of the 200 acres, conceding the right of Mrs. Borton thereto. (Wagner v. Isensee, 33 S. W. Rep., 155.)

The second objection to this testimony, however, must be sustained. There was no pleading on the part of appellants to authorize its consideration. Appellees had answered setting out the payment of community debts by Mrs. Jennings out of her separate means which appellants, by supplemental petition, denied. The effect of the testimony was to establish, not that Mrs. Jennings had not so paid the community debts, but that if she did so she was deprived of the right to appropriate any part of the community estate to reimburse herself by the agreement which it was proposed to prove by the testimony objected to. There is no intimation in the pleadings of such claim on the part of appellants. There was no error in sustaining the objection to the testimony on this ground, and the assignments of error presenting the point are overruled.

We will not undertake to discuss severally the assignments of error directed to the alleged errors in the findings of fact of the trial court. The court found in a general way, and without pretending to be ex-

actly accurate, that at the death of P. J. Jennings there was community indebtedness amounting to about $2,148.58 and that Mrs. Jennings paid at least $1,200 of this indebtedness out of her separate estate. Neither of these findings is against the preponderance of the evidence. The latter finding, which is in fact the one material in the determination of the issues involved, appears to us to be fully supported by the evidence which seems to us to show with as much certainty and definiteness as could have been expected, considering the lapse of time since the death of P. J. Jennings, that after applying to the payments of the community debts whatever means were available of the community estate for that purpose, Mrs. Jennings used as much as $1,200 of her separate estate in payment of this indebtedness. This would be the result conceding that the rent due by Bowden, $180, at the death of P. J. Jennings, and the net proceeds of the cotton crop of that year ungathered at the time of his death, was community property. Whether the latter passed with the homestead as a part thereof it is not necessary to decide. The corn ungathered was exempt, as was nearly all of the personalty, and the cotton had to be gathered and prepared for market. Some of this indebtedness was unquestionably paid with community property, but we think the evidence fairly shows that after this was done as much as $1,200 was paid by Mrs. Jennings out of the rent of land either constituting the homestead or her proportion of the community estate after her husband's death, which was her separate estate. If, as we have concluded, these findings are sustained by the evidence, other items of such findings which were not intended to be and did not need to be exactly accurate, can not avail appellants. The evidence as to the value of the 200 acres of land conveyed to Mrs. Borton seems to us to require a larger valuation than that placed on it by the court, but we can not say that such valuation is against the great weight and preponderance of the evidence to such an extent as to authorize us to substitute our judgment for that of the trial court.

Coming to the legal proposition involved, we are of the opinion that Mrs. Jennings, having paid out of her separate estate $1,200 of the debts of the community estate, had the right to appropriate that much in value of the community estate to reimburse herself for such payment, provided it be done fairly and not to the detriment of the remainder of the estate. There can be no doubt that if she had qualified as survivor of the community under the statute she could have done so, and it has been held that she would be authorized to do so without so qualifying. (Leatherwood v. Arnold, 66 Texas, 414; Martin v. McAllister, 63 S. W. Rep., 624; Davis v. Harmon, 29 S. W. Rep., 492.) The surviving widow can not be held to be an intermeddler voluntarily paying a debt with which she has no concern, and when she pays community indebtedness out of her separate means, she will be subrogated in equity to the rights of such creditors. Having unquestionably the right to sell community property to pay community debts, it will, in substance, so far as the rights of the heirs are concerned, accomplish the same result if she herself pays the debts and takes the property. The law looks to the substance and not to the form of such transactions. The statute of limitation pleaded by appellants would have no application.

It is insisted by appellants that the evidence does not show that Mrs. Jennings intended by the conveyance to Mrs. Borton to appropriate the 200 acres conveyed, to reimburse herself. There would be much force in the contention if it were a material matter. The tenor of Mrs. Jennings' will, with the deed to Mrs. Borton, tends rather to support the conclusion that she assumed to deal with the entire community estate as her own, and to distribute it among the heirs of herself and husband, according to her own ideas of their respective claims. However this may be, if she in fact, at the date of the deed to Mrs. Borton, was entitled to an interest in the community estate on account of her payment of the debts out of her separate estate, as well as her claim to one-half as survivor of the community, that would be equal in value to the 200 acres, she had a right then to dispose of the 200 acres, and this regardless of what her idea may have been as to reimbursing herself thereby for her expenditures for the benefit of the community estate. This right was recognized by the court and by its judgment Mrs. Borton was awarded the 200 acres of land conveyed to her, as the interest of Mrs. Jennings in the community, but was given no interest as heir of her father, P. J. Jennings, in the remainder of the property, all of which, real and personal, was divided among the other heirs, without objection from Mrs. Borton.

Appellants complain that by taking the 200 acres out as was done, the remainder of the land was left in such a shape as to impair its value, and evidence was introduced which supports this conclusion, particularly as to the fact that 40 acres is thereby disconnected from the remainder of the tract, and rendered of much less value. There is no doubt that the right of Mrs. Jennings to appropriate sufficient of the property to make up her share must be exercised with due regard to the rights of the heirs in the remainder, and that she could not so appropriate a specific portion of the land without the consent of the other heirs, as to impair the value of the remainder, or interfere with its equitable partition. It seems to us, however, that whatever detriment there was to the rights of appellants on this account is much more than made up by giving to the six remaining heirs the entire remainder of the property, including the share to which Mrs. Borton was entitled as one of the heirs of P. J. Jennings. Our conclusion is that the judgment of the trial court should be affirmed.

We can not forbear calling attention to the fact, which is apparent from the evidence, that if Mrs. Jennings at the death of her husband, had insisted upon her plain legal rights and taken the homestead, the exempt personal property and the allowance for one year's support to which she was entitled, leaving the creditors to proceed against the remainder of the estate for the satisfaction of their claims, the estate would have been insolvent and there would have certainly been nothing left to divide among the heirs of P. J. Jennings at her death except this one-half interest in the homestead, to be divided among the seven of them. The estate being insolvent Mrs. Jennings would have been entitled absolutely to the exempt personalty. It seems to us that appellants can not justly complain of the manner in which she managed the estate.

*Affirmed.*

Writ of error refused.