### ENGLISH v. PASCHALL et al.
### No. 6488.

Court of Civil Appeals of Texas. Texarkana.
Feb. 23, 1950.

Rehearing Denied March 16, 1950.

Sellers & Fanning, Sulphur Springs, W. D. Brown, Quitman, for appellant.

Barnes & Barnes, Terrell, Jones & Jones, Mineola, B. D. Paschall, Dallas, Geo. Q. Youngblood, Dallas, for appellees.

HALL, Chief Justice.

This action is between the heirs of Dr. J. S. Paschall and wife, Delitha Paschall, and concerns a division of 107 acres of land constituting the homestead of Dr. and Mrs. Paschall. The suit was instituted by B. D. Paschall against his brothers and sisters to recover a specific 23 acres, a part of the 107-acre tract, which was conveyed to him by his mother, Delitha Paschall, after the death of her husband, Dr. J. S. Paschall. In the same suit W. M. Paschall sought to recover one-half of the oil and gas royalty under the 107-acre tract under a royalty deed from Delitha Paschall executed and delivered to him after the death of Dr. Paschall. Also in the same suit appellant Gladys English sought to recover, on cross-action, the whole of the 107-acre tract which was conveyed to her by her mother, Delitha Paschall, after the death of Dr. Paschall. The case was tried before the court without the aid of a jury and resulted in a judgment for plaintiff for the 23 acres sued for; for the defendant W. M. Paschall for one-half of the minerals under the 107-acre tract of land, less the 23 acres awarded plaintiff B. D. Paschall; judgment for defendant Gladys English for one-half of the 107 acres, less the 23 acres and less one-half of the minerals recovered by the other parties. The other one-half of the 107 acres was awarded to all of the parties, each receiving a one-eighth interest as heirs at law of Dr. J. S. Paschall and his wife, Delitha Paschall, and a partition was ordered. Gladys English alone has appealed and in her first point asserts: "The trial court erred in holding that the deed from Mrs. Delitha Paschall to the defendant Gladys English conveyed only an undivided one-half interest in the 107 acre tract of land described in the deed, less the 23 acres to plaintiff B. D. Paschall and less the one-half mineral interest under the land which was awarded to the defendant W. M. Paschall."

The record discloses without dispute that the parties to this suit are all the children born to the union of Dr. J. S. Paschall and Delitha Paschall and that the 107 acres

of land in controversy was the homestead of Dr. and Mrs. Paschall until their respective deaths. Dr. Paschall died September 29, 1936, and his wife, Delitha, died July 26, 1947. On January 14, 1938, Mrs. Delitha Paschall conveyed to appellee B. D. Paschall, her son, a specific 23-acre tract off of the 107-acre tract. On April 22, 1946, she conveyed to a son, W. M. Paschall, an undivided one-half interest in the oil and gas royalty under the 107-acre tract. And on July 13, 1947, she conveyed to Gladys English, appellant, a daughter, the 107-acre tract of land, disregarding the former conveyances of 23 acres and one-half of the oil and gas royalty to her two sons, B. D. Paschall and W. M. Paschall, respectively. The trial court found that appellant Gladys English paid the greater portion, $257.60, of the funeral expenses of her father, Dr. Paschall, shortly after his death. Also a $30.00 fertilizer account contracted by Dr. Paschall the year he died. This last payment was made in 1947, a short time before the conveyance of the 107-acre tract to Mrs. English. The record reflects further that Mrs. English, appellant, at the request of her mother sometime after Dr. Paschall's death sent her mother around $250.00 with which to pay taxes. The trial court, however, finds that none of this money was applied to payment of taxes due on the 107-acre tract. The granting clause in the deed from Mrs. Paschall to appellant, Mrs. English, conveying the entire 107-acre tract is as follows:

"The State of Texas,
County of Wood.

Know All Men By These Presents: that I Delitha C. Paschall, individually and as community survivor (I being the surviving wife of Dr. J. S. Paschall, deceased), of the county of Wood, State of Texas, for and in consideration of the sum of Ten and No/100 Dollars, to me in hand paid by Gladys English, the receipt of which is hereby acknowledged, and the further consideration of the love and affection I have for my daughter, the said Gladys English, and the further consideration of her having paid the funeral expenses of my said deceased husband, as well as other community debts, of our, owed at the time of his death, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said Gladys English, of the county of Wood, State of Texas, all of that certain lot, tract or parcel of land, situated in Wood County, Texas, being a part of the J. B. Chereno Survey and more particularly described as follows:" (Here follows description of land).

It will be noted that Mrs. Paschall conveys the property "individually and as community survivor." At the time this deed was given there was due some $250.00 for taxes against the 107-acre tract, or a part thereof. The taxes had been paid on the 23-acre tract conveyed to B. D. Paschall. It is appellant's contention that the rule announced in Griffin v. Stanolind Oil & Gas Co., 102 S.W.2d 231, by this court, affirmed by Commission of Appeals, 133 Tex. 45, 125 S.W.2d 545, and Davis v. Magnolia Petroleum Co., 105 S.W.2d 695, by this court, affirmed by the Commission of Appeals, 134 Tex. 201, 134 S.W.2d 1042, controls the disposition of this case in so far as Gladys English is concerned. In the Griffin case the surviving husband and his then wife, conveyed a leasehold estate covering community property of himself and a deceased wife, disregarding the children's interest in their deceased mother's estate. The consideration in that conveyance was $10.00. The only community debt against the tract of land conveyed was $10.32 for taxes. This court in Griffin v. Stanolind Oil & Gas Co., 102 S.W.2d 231, held that the surviving husband had the power to make the sale as community survivor, even though he purported to act in his individual capacity. In affirming the opinion of this court the Commission of Appeals said [133 Tex. 45, 125 S.W.2d 548]: "Moreover it is definitely settled that, unless fraud appears, a sale of community property which has been made by the surviving husband will be sustained, as binding the heirs of his dead wife, where community debts existed at the time the sale was made. The power of the surviving husband to make such a sale depends exclusively on the fact that community debts exist. This is a gen-

eral power, and the purchaser is under no duty to inquire as to whether the survivor, in making the sale, is exercising said power for the purpose of paying community debts, or to see that the proceeds of the sale are applied to their payment. * * *"

Again, the same authority states: "As we have already seen, the fact that, in making the lease, Alex acted in his individual capacity makes no difference, for the lease purporting the grant of a determinable fee estate in the 54-acre tract as an entirety, and containing a general warranty, passed title commensurate with his power."

In Davis v. Magnolia Petroleum Co., 105 S.W.2d 695, this court applied the doctrine laid down in the Griffin case, and held that Mrs. Davis, surviving wife of her deceased husband, had the authority to transfer the community property in payment of a community debt even though she acted in her individual capacity. In affirming this court's decision the Commission of Appeals, in 134 Tex. 201, 134 S.W.2d 1042, 1044 makes these significant statements: "Such a conveyance by a grantor having power to convey as community survivor, 'passes title commensurate with the power,' notwithstanding he does not specify in the instrument of conveyance that he is acting under the power. It was immaterial whether Mrs. Davis, in making the conveyance, acted in her own name simply or in her name as survivor. Griffin v. Stanolind Oil & Gas Co., supra. Neither is it material, so far as Mrs. Davis' power to convey is concerned, that she acted as an unqualified community survivor in making the deed to the bank; Stone v. Jackson, supra; [109 Tex. 385, 210 S.W. 593] Fidelity Union Ins. Co. v. Hutchins, 134 Tex. 268, 133 S. W.2d 105; *or that the deed was made more than four years after the decease of her husband.* Stone v. Jackson, supra; Martin v. Dial, Tex.Com.App., 57 S.W.2d 75, 89 A.L.R. 571; Jennings v. Borton, supra, [44 Tex.Civ.App. 280, 98 S.W. 445]; writ refused; Kauffmann v. Hahn, Tex.Civ. App., 59 S.W.2d 435. *Nor does it make any difference whether the debts in question were secured or unsecured, so far as Mrs. Davis' power to make the conveyance for*

*their payment is concerned, especially since she was not acting as an administrator under the statute.* Griffin v. Stanolind Oil & Gas Co., supra; Ashe v. Yungst, 65 Tex. 631; Stone v. Jackson, supra, and authorities there cited; Jung v. Petermann, supra [Tex.Civ.App., 194 S.W. 202].

"Under the decisions cited above, and the settled holdings of this Court, the minor children of Mrs. Davis had no such rights against her as survivor as to prevent the sale of the homestead by her to pay community debts. This holding is not in conflict, as contended by plaintiffs, with Milner v. McDaniel, 120 Tex. 160, 36 S.W.2d 992, Johnson v. Hampton, 117 Tex. 580, 8 S. W.2d 640. They do not hold that the homestead is not subject to voluntary conveyance by the survivor to satisfy community debts, but that at the death of the parents the homestead was not subject to forced sale if constituent members of the family remained to take and occupy it as such." (Italics ours.)

■■ In the instant case, Mrs. Paschall conveyed as an individual and as community survivor of Dr. Paschall. We think there can be no question from this record that at the time she made this conveyance to her daughter appellant herein, that there was due some $250.00 delinquent taxes against a portion of the 107-acre tract. Furthermore, it is undisputed that appellant sent money from her home in Kansas City to her mother at her mother's request to pay taxes. It is true that this money was not applied to the taxes due against the 107 acres, but it is not incumbent upon a purchaser from a surviving spouse to see that the money paid to such survivor is applied to the payment of the community debts. Davis v. Magnolia Petroleum Co., Tex.Civ.App., 105 S.W.2d 695, and authorities there cited. The fact that Mrs. Paschall made the sale as community survivor of herself and her deceased husband, and that at the time the sale was made there was a community debt owing against said 107 acres which was a legal charge against it, would, in our opinion, make the sale legal and pass all the title that the community estate of Dr. and Mrs. Paschall had

in the 107 acres of land at the time the conveyance was made. Granting that some of the items making up the consideration in the deed from Mrs Paschall to appellant, Mrs. English, were not legal charges against the community homestead, and, for that reason could form no basis for the sale by the survivor, still the debt due against the community for taxes was a legal charge against the 107 acres and would be sufficient as a matter of law, no fraud being shown, to constitute the sale a legal one. As said in Crawford v. Gibson, Tex. Civ.App., 203 S.W. 375, 378 (writ refused): "The fact that the motive which controlled and induced the sale was that the surplus above the amount necessary to pay the community debts should be advanced to a child in financial trouble cannot operate to render illegal that which was at all times legal. It would be paradoxical and irrational to say that one's present lawful act becomes unlawful because accompanying the lawful purpose is the intention to do something which alone would not have authorized the lawful act. To so hold would create, in cases like the present proceeding, conditions fraught with unjust and inequitable possibilities to those acquiring property from surviving spouses which had been sold to pay community debts, and would have the effect of requiring them not only to ascertain that the property was sold or mortgaged for the purpose of paying community debts, but, after ascertaining that community debts actually had been paid, would require them to ascertain any secret motive with reference to the use of the surplus which may have induced the survivor to exercise the unquestioned legal right."

The facts surrounding the transaction resulting in the execution of the deed under discussion here are undisputed. So the issue before us is the proper construction of the deed. It is our conclusion, based upon the authorities heretofore cited, that the deed from Mrs. Paschall to appellant, Mrs. English, was effective to pass the title of the community estate of Dr. and Mrs. Paschall in all that remained of the 107 acres of land on the date of its execution.

By her second point appellant asserts that the trial court erred in awarding appellee B. D. Paschall the entire 23-acre tract conveyed to him by his mother in 1938, rather than a one-half interest therein. We think no error is shown in this respect. The trial court very properly awarded the 23-acre tract to appellee B. D. Paschall for the reason that on the date of the deed to him from his mother she owned an undivided one-half interest in the whole 107-acre tract. The trial court found that the 23 acres was of much less value than the undivided one-half interest owned by Mrs. Paschall at the time she executed and delivered the deed; and that "said conveyance did not and does not work any inequity against the other heirs * * *." The court also appointed commissioners to partition the entire 107 acres between the heirs according to the terms of the judgment.

Therefore the judgment of the trial court is affirmed with respect to the 23 acres conveyed to B. D. Paschall and the one-half of the oil and gas royalty in the 107-acre tract less the 23 acres to W. M. Paschall, but is reversed and rendered in favor of appellant Mrs. Gladys English, so as to give her the 107-acre tract less the two conveyances referred to above.

Affirmed in part and reversed and rendered in part.