## SPEAKE AND ANOTHER V. WHITE AND ANOTHER.

An acknowledgment by one partner, after the dissolution of the partnership, of an antecedent indebtedness, is no evidence against his copartners.

It is objected to the judgment, however, that the defendants were not entitled to the benefit of this defence, by instructions upon the trial, because their plea setting it up had been stricken out. To this it is sufficient answer, that the plea was stricken out at the instance of the plaintiffs themselves ; and they cannot now claim an advantage in consequence of an error occasioned by themselves.

Where the plaintiff sued White & Powell as Partners, on an account and written acknowledgment of its correctness, and White failed to appear, but Powell appeared and pleaded a general denial, and denied under oath, that the written acknowledgment had been made by him or by his authority, which last plea being filed on the eve of trial, was, on motion of the plaintiff, stricken out, and at the trial the plaintiff, himself, proved the dissolution of the partnership, and that the written acknowledgment had been signed with the partnership name by *White after the dissolution, and the Court instructed the jury that an ac-knowledgment so made, if not done with the consent of Powell, would not be evidence against him, and that if they found for Powell they should also find for White, and the jury found for the defendants, upon which they had judg-ment, and the plaintiff alleged error and surprize, the judgment was affirmed.*

Error from San Augustine. Action by the plaintiffs in error against William T. White and Cader B. Powell, late merchants trading under the name of White & Powell, on an account dated in December, 1851, with a written acknowledgment thereon, of a certain amount due, dated February 10th, 1853, and signed " White & Powell, in liquidation." At the return Term, on the 18th of April, 1853, Powell filed a demurrer and general denial. On the 21st of April, Powell filed an amended answer, alleging that the partnership of White & Powell was dissolved on the 27th March, 1852, and that the said White, without his knowledge or consent, made the acknowledgment in writing, of the amount due on said account. There was also a distinct plea, under oath, in the amended answer, deny-ing that the acknowledgment in writing was executed by him,

Powell, or by any one authorized by him. Same day motion by plaintiff to strike out amended answer, "because filed on the eve and at the time of the cause being called for trial,* and for other defects," &c. Same day motion sustained ; jury called, and verdict and judgment for defendants. Motion for a new trial overruled. One ground of the motion for a new trial was, surprize by the ruling of the Court in instructions to the jury.

There was a statement of facts prepared by the Judge, the attorneys failing to agree, from which it appeared that the plaintiff, instead of relying entirely on the written acknowledgment, proved the partnership of White & Powell, and its dissolution in 1852, and the making of the written acknowledgment sued on, by White, in 1853.

The Court instructed the jury as follows :

If the jury should believe from the evidence, that the instrument given them in proof, was executed by White after the dissolution of the partnership, by signing the name of White & Powell, and without the knowledge or consent of Powell, then it is not sufficient proof, as against defendant Powell, as to the sale and delivery of the merchandize alleged, so as to warrant a recovery against Powell, and if there is no other proof in relation to said account, they should find in favor of Powell.

And I further charge you, if you find for Powell, on the proof, you will also find for the other defendant, and say, we find for defendants.

Errors assigned :

1st. The Court erred in its charge to the jury.

2d. The Court erred in charging the jury that if they found for defendant Powell, they must or will find for defendant White.

3d. The Court erred in charging the jury as to the dissolution of the partnership.

---

* It seems to have been the practice of the Judge of the 6th District, to strike out amendments filed on the eve of trial, without regard to their merits in other respects. But several cases decided at the present Term, seem to indicate that the Supreme Court will not sustain that practice. REPS.

4th.   The Court erred in refusing to grant to the said plaintiff a new trial.

*H. M. Kinsey*, for plaintiffs in error.   The first error assigned, by the plaintiffs, it seems to me is sufficient to reverse this case, and cause it to be remanded, for the latter part of the charge of the Judge was clearly wrong ; as he charged the jury, that, "if you find for Powell, on the proof, you will also find for the other defendant." (Reynolds v. Williams, 1 Tex. R. 311.)   And as the defendant's plea of the dissolution of the partnership was stricken out, there was no issue as to the dissolution of the partnership, therefore, it was error in charging the jury, that if the instrument given them in proof was executed by White, after the dissolution of the partnership, it was no evidence against Powell.

*R. S. Walker*, also, for plaintiffs in error.   I.   The defence relied on by the pleadings was a general denial.   Therefore it may be safely contended, that it is only such matters of defence as arise legitimately under said plea, that are the proper subjects of the Judge's charge, even though the evidence should be admitted without objection.   (Paul v. Perez, 7 Tex. R. 338 ; Towner v. Sayre, 4 Tex. R. 28.)   The defence must be confined to the matter alleged.   (Keeble v. Black, 4 Tex. R. 69.)

It was therefore wrong to charge the jury to be governed in their finding by the facts offered as to the dissolution.   The acknowledgment in writing having been adduced to the jury, it satisfied the allegations of the petition and met the general denial.   Its execution was proved unnecessarily by the plaintiffs.   (Dial v. Taylor, 8 Tex. R. 267.)

II.   Were the correctness of the law charged essential to the decision of this case, it might well be doubted, as an abstract proposition. (3 Kent, 50.) "But," says Chancellor Kent, "there is a distinction between an acknowledgment which goes "to create a new contract, and the declarations of a partner,

Speake v. White.

" made after the dissolution of the partnership, concerning facts
" which transpired previous to that event; and declarations of
" that character are held admissible." (3 Kent. 51.)

*Henderson & Jones*, for defendants in error. I. The charge
as to the effect of the acknowledgment by White is correct. (3
Kent, 50, and authorities there cited; Bell v. Morrison, 1 Pet.
R. 351; Evans v. Dewberry, 1 Marshall, Ky. 189, cited and
approved in Bell v. Morrison, 3 Mumf. 191: Smith v. Ludlow,
6 Johns. R. 269; Hackley v. Patrick, 3 Id. 536; Walden
v. Shurburne, 15 Id. 409; Baker v. Stackpole, 9 Cowen, 420;
Hopkins v. Banks, 7 Id. 650; also 4 Id. 494; Tassy v. Church,
4 Watts & Serg. 141; Caddy v. Shepherd, 11 Pick. 400;
Robbins v. Willard, 6 Id. 464; Bridge v. Gay, 14 Id. 61;
Tuttle v. Cooper, 5 Id. 414; Brisban v. Boyd, 4 Paige, 17;
lastly, Yandes v. Lefavorn, 2 Blackford, 372, where it is said,
" We consider the principle settled on American authority, that
" after the dissolution of a partnership, one partner cannot bind
" the other by the admission of a debt."

But it is said that the charge was improper, because there
was no plea of the dissolution of the partnership.

Ans. 1st. The plea of the dissolution of the partnership was
improperly ruled out; and " where the Court below impro-
" perly overrules a plea which discloses a good cause of action,
" and afterwards improperly admits the same defence in evi-
" dence under the general issue, the judgment will not be reversed
" because of the improper admission of the evidence under the
" general issue, where the result finally attained appears, from
" the statement of facts, to be in accordance with the law of the
" case." (Lovering v. McKinney *et al.*, 7 Tex. R. 521.)

2d. The general denial put in issue the existence of the
partnership between the defendants.

3d. The petition does not allege that the defendants are
partners, but calls them "late partners," whereby the petition
itself states the dissolution. Nor does the petition state that

the defendants were partners at the time of the execution of the acknowledgment.

III. Again, it is said, that as there was no affidavit to the plea denying the execution, or authority to execute, the acknowledgment, on the part of Powell, he could not contest the validity of its execution on any ground.

Ans. This might have been a good objection; but unluckily for the plaintiffs, not content with not being obliged to prove the execution, or authority to execute, the writing, by Powell, they must prove that the partnership was dissolved before the execution of the acknowledgment, and that White only executed the instrument, having no authority to bind the other defendant, Powell. And thus, having disproved their own averment, they have defeated their right to recover; for the judgment must, "in all cases, be rendered so as to conform to the pleadings, the nature of the case as proved, and the verdict thereon." (Hart. Dig. Art. 769.) And the verdict must be "according to the law and the evidence." (Id. Art. 1656.)

It is not necessary, in any case, for the plaintiff to prove his cause of action, unless it is denied by a proper plea; but suppose that he actually disproves it, though it was not put in issue, can he recover? Certainly not.

IV. It is assigned for error, that the Court erred in charging the jury, that if they found for the defendant Powell, they must find for the defendant White also.

There was no error in this. The plaintiffs declared on a joint contract, and they were bound to make their proof correspond with their allegation, or else fail entirely.

WHEELER, J. The principal question to be determined, is, whether the acknowledgment or promise, made by one of the co-partners and defendants, after the dissolution of the partnership, was binding upon the firm, and would warrant a recovery thereon, without other evidence of the antecedent indebtedness of the firm.

Whether one partner has the power to bind the firm, by his

acknowledgment, after the dissolution of the partnership, of an antecedent indebtedness, has been an unsettled and much disputed question.   But there is certainly a great weight of authority, in the American decisions, in support of the negative of the question.   (3 Kent Com. 351, n.)   The opposite doctrine, maintained by some of the earlier decisions in England, has occasioned a recent Act of Parliament, which is said to have remedied some of the mischiefs inherent in it, but to have left behind some which are, as yet, without redress.   (Story on Partnership, Sec. 324.)

   "After the dissolution of a partnership, (says Kent,) the "power of the members to bind the firm ceases, and an acknow-"ledgment of a debt will not, of itself, be sufficient, inasmuch as "that would, in effect, be keeping the firm in life and activity. "To give an acknowledgment any force, the existence of the "original partnership debt must be proved, or admitted *aliunde;* "and then the confession of a partner, after the dissolution, is "admissible, as to demands not barred by the Statute of limit-"ations."   (3 Kent, 50.)   In treating of the question whether acknowledgments made by any of the partners under such circumstances, are binding upon the others, Judge Story says, "It seems difficult, upon principle, to perceive how they can be, "any more than the declarations, or acts, or acknewledgments "of any other agent of the partnership would be, after his agency "has ceased.   In the latter case, they are certainly held inad-"missible by the Courts of Common Law, upon grounds which "seem absolutely irresistible."   (Story, Part. Sec. 323 ; Van Reuven v. Parmelee, 2 Com. N. Y. R. 523.)   That such acknowledgments are not binding upon the other partners, is the safer and the sounder doctrine upon principle, and the better supported by authority.   (Story on Partnership, Sec. 323, 324 and notes ; Bell v. Morrison, 1 Pet. R. 351.)   And we are of opinion that it was very properly maintained in this case.

   It is objected to the judgment, however, that the defendants were not entitled to the benefit of this defence, by instructions, upon the trial, because their plea setting it up had been stricken

out.   To this it is a sufficient answer, that the plea was stricken out at the instance of the plaintiffs themselves ; and they cannot now claim an advantage in consequence of an error occasioned by themselves.

It was objected to the plea, that it was not in time ; but it was pleaded at the first Term after service, and there does not appear to have been any unreasonable or unnecessary delay, or disposition manifested by the defendants to delay the trial.   If the plaintiff was taken by surprise, and was not prepared to meet the defence, he instead of moving to strike out the plea, should have asked a continuance to obtain other evidence of his cause of action.

We are of opinion that there is no error in the judgment, and that it be affirmed.

Judgment affirmed.