C. H. KENDALL, ADM'R OF J. M. LAMPLEY, v. W. C. RILEY.

1. AMENDMENT.—PLEADINGS—Suit was instituted against an administrator upon a rejected account, and by mistake the petition alleged the account to be against a different estate from that administered on by the defendant. The account annexed to the petition, however, showed that it had been rejected by the defendant: *Held*, That as the account was the cause of action, an amendment correcting the mistake, and made after ninety days from the date of the rejection of the claim, could be made and would relate to the filing of the original petition.

2. PARTNERSHIP.—After the dissolution of a partnership the individual members cannot bind the other members by due bill, purchase of goods, or by other express contract.

3. PRACTICE.—A general denial in a suit to establish a rejected claim against an estate, puts the plaintiff upon proof of such account. The jury should be so instructed.

APPEAL from Fort Bend. Tried below before Hon. Livingston Lindsay.

W. C. Riley brought suit, January 9, 1872, against C. H. Kendall, administrator of the estate of Robert Flournoy, deceased, alleging that said estate was indebted to plaintiff in the sum of $1,586$\frac{98}{100}$, with interest since January 1, 1868, setting out an account against " Lampley and Flournoy." Sworn to by plaintiff as " claims against the estates of Lampley and Flournoy." The account was indorsed by defendant Kendall, 29th October, 1871, as presented to him as administrator, " as a claim against the estate of W. Lampley," and rejected.

The petition alleged the death of both Lampley and Flournoy, and " that said Flournoy, who died 23d July, 1867, left a large estate; that C. H. Kendall was administrator thereof."

Citation was issued to Kendall, as administrator of Flournoy

March 5, 1873, Kendall pleaded that he was not adminis-trator of the estate of Flournoy, offering no objections to the establishment of the claim against said estate.

October 9, 1873, Riley filed a supplemental petition and amendment, alleging that "by mistake or inadvertence in his original petition, he declared against C. H. Kendall as administrator of Robert Flournoy, when in fact he intended to aver and does now aver that he is the administrator of W. Lampley, who was said Flournoy's partner."

Citation issued and service had of this amended and supple-mental petition, and at ensuing term, February, 1874, plain-tiff amended, setting out facts of his claim as against the Lampley estate.

Other facts necessary appear in the opinion.

*J. T. Harcourt,* for appellant.

The claim was presented and rejected on the 29th Octo-ber, 1871.

The original petition was filed 9th January, 1872, charging Kendall as administrator of Flournoy.

The supplemental petition was filed 9th October, 1873, charging Kendall as administrator of Lampley. This peti-tion is so defective in its averments, that it presents no cause of action.

The amendment, which attempts to cure the defects in the petition, and upon which alone a judgment could be based, was filed 24th February, 1874, which was two years and one month and fifteen days after the filing of the original petition.

The defense of three months' limitation from the date of the rejection had intervened.

See art. 1311, Paschal's Dig.; Page v. Findley, 5 Tex. 391; Danzey v. Swinney, 7 Tex., 632; Crosby v. McWillie, 11 Tex., 96.

It is trifling to contend that the three months' restriction is not technically a limitation law. The law says that the

holder of the claim may, within three months, *but not there-after*, bring a suit. It is barred; it is a defense.

The defense of the statute of limitation of two years had also accrued to the defendant.

This question requires no argument. It has been clearly and definitely settled by the opinion of the court in the case of Henderson *v.* Kissam, 8 Tex., 46, also in the case of Williams *v.* Randon, 10 Tex., 74.

It is decided that "an amendment cannot relate back to the time of the commencement of the suit."

In the present case it was the judgment of the District Court that the amendment set up a new cause of action, and for that reason cost was adjudged against the plaintiff, and yet the court permitted the amendment "to relate back to the commencement of the suit," so as to defeat the defense of limitation.

The three months' limitation had accrued before the date of the filing of the supplemental petition, and this petition could not relate back to the commencement of the suit.

*P. E. Pearson,* for appellee.

REEVES, ASSOCIATE JUSTICE.—It appears from a recital in the judgment that the appellee was permitted by the court to file his amended petition of October 9, 1873, on payment of costs. Appellant complains of this ruling, because, as he insists, there was no proper party before the court, and no legal amendment could be made.

The claim on which the suit was brought was presented to the administrator and rejected on the 29th October, 1871.

On the 9th day of January, 1872, the appellee Riley filed his suit to establish the rejected claim. In the original petition it is alleged that C. H. Kendall was the administrator of Robert Flournoy, and that the claim had been rejected by him as such administrator. Several amended petitions were filed for the purpose of correcting the mistake, the last one

on the 24th February, 1874.   The plaintiff Riley alleges that
by mistake and inadvertence in his original petition he
declared against C. H. Kendall as administrator of Robert
Flournoy, when in fact he intended to aver that he was
administrator of Lampley's estate.   It was further objected
that the claim was barred by the three months' limitation
from the date of the rejection.

The claim, which was an open account, was against Lampley
and Flournoy, both being dead.   The petition charges that
the plaintiff had furnished the firm of Lampley and Flournoy,
who were carrying on a farm in Fort Bend county, with a
large amount of goods, wares, and merchandise, supplies,
provisions, and money, to enable them to carry on their busi-
ness from January 10th, 1866, to December 25, 1867, and
that the plaintiff had also furnished his own labor and skill
during the time in the same business for the benefit of the
firm.   The account attached to the petition and made part
of it fully describes the character of the plaintiff's claim.

The account was the cause of action in the original and
amended petition.   Lampley's administrator must have known
that the claim was against the estate of his intestate.   In
rejecting it he describes it as a claim against Lampley.   He
was served with a copy of the petition, as shown by the sheriff's
return; and as the account was referred to in the petition as an
exhibit, he was doubtless served with a copy of that also, as is
usual in such cases.   It is not charged that any fraud or imposi-
tion was intended to the prejudice of Lampley's estate, or that
his estate was injured thereby.   We think the amendments
did not set up a new cause of action, and that the original peti-
tion having been filed within three months from the date of
the rejection, the claim was not barred by limitation.   The
account attached to the petition corrected the recitals in the
petition.   Kendall having shown in his motion to quash the
citation served upon him that he was not Flournoy's admin-
istrator, there was no error in permitting the plaintiff to
correct the mistake by amending his petition.

The defendant moved for a new trial, on several grounds, and among others the following:

4. The court erred in its instructions to the jury.

5. For error in refusing instructions asked by defendant.

7 and 8. The verdict is against the law and the evidence.

By the terms of the written agreement between Lampley and Flournoy, the partnership was to continue only until the 25th day of December, 1866. It was shown that Lampley died on the 14th February, 1867, and Flournoy on the 23d July thereafter.

The account sued on is for a balance of $1,586.98, composed of numerous items and charges for articles alleged in the petition to have been furnished by Riley, the plaintiff, to carry on the farming operations of Lampley and Flournoy, and money paid to the freedmen for labor on the farm, and cash loaned Flournoy, &c., at different times during the year 1866. In this account there are two charges for wages claimed by the plaintiff—the first for $680, for the year 1866, and the other for $600, for the year 1867.

The defendant, in one of his answers, sets up as a defense to the suit a settlement between the plaintiff Riley and Robert Flournoy, after the death of Lampley, of all demands existing between these parties. The evidence of the settlement consists of a due-bill executed by Flournoy to Riley on the 10th March, 1867, for $580, and a claim for services rendered and provisions furnished and money advanced Flournoy, and which had been presented to G. Cook, administrator of Flournoy's estate, for allowance. This claim is attached to the answer, from which it appears that the administrator Cook accepted the due-bill for $580, and the further sum of $350 for Riley's services for seven months in 1867, and rejected the balance of the claim. In this claim was included a draft drawn by Flournoy in January, 1866, in favor of the plaintiff Riley, on J. T. and William Brady for $600.

The claim for the draft, with some other items in the

account, as already noticed, was rejected by Cook as administrator of Flournoy. It was not shown that Riley attempted to establish by suit the rejected claims. Nothing was paid on the accepted claims by Flournoy's estate.

The due-bill, as it is called in the pleadings, and which was executed by Flournoy to Riley, was given for the amount due for the year 1866 and the year 1867, up to the 10th of March, but without showing how much of the claim accrued during the year 1867, and after the death of Lampley.

The jury, it seems, allowed the whole amount of the due-bill for $580, as a claim against the estate of Lampley, and also allowed the further sum of $600, corresponding with the amount charged in the account as wages due Riley for 1867, and corresponding in amount with the draft on J. T. and William Brady—the verdict being for $1,180, with interest from the first day of January, 1867. If the draft was intended for the wages of Riley for 1866, it was given before the services were rendered. Flournoy, in his letter of April 11, 1867, to the Bradys, refers to his draft given to Riley in January, and requests them to pay it on presentation.

The court refused to charge the jury as requested by the defendant's counsel, that the partnership between Lampley and Flournoy by the terms of the contract terminated on the 25th December, 1866, and that the firm could not be charged with anything furnished after that date. This charge should have been given. There was no evidence that the partnership was continued after December 25, 1866.

It was also error to refuse the charge that it devolved on the plaintiff to prove his account. The general denial put the account in issue.

The plaintiff was entitled to recover interest on the amount shown to be due him from the 1st of January, after the account was made. (Paschal's Dig., art. 3940.)

Flournoy's authority to bind his deceased partner by the due-bill executed after his death is not discussed in the brief. The due-bill was offered in evidence by the defendant.

" An acknowledgment by one partner, after the dissolution of the partnership, of an antecedent indebtedness, is no evidence against his copartners." (Speake *v.* White, 14 Tex., 364; White *v.* Tudor, 24 Tex., 639.)

The evidence shows that Riley was in the service of Flournoy and Lampley, during the year 1866. One witness testified that his transactions after that year were with Flournoy alone. H. Lampley, son of J. M. Lampley, stated that he heard Riley say in December, 1867, that he had a claim against Flournoy's estate, for about $600, and that he knew of no agreement between the parties to farm together for 1867. More than twelve months had elapsed after the draft was drawn before it was presented for payment. Flournoy's letter of April, 1867, requesting the Bradys to pay the draft, and which is relied upon as supporting the inference that the draft was given for the wages of 1866, and left out when the due-bill was given, was written after the death of Lampley. No allusion was made to Lampley or his estate as being liable on the draft, or as having any interest in the cotton on which it was drawn. The transaction admits of an inference different from the one contended for by the appellee.

The case was embarrassed on the trial, in making the rights and liabilities of the parties to depend upon the draft and due-bill, and not upon the account on which the suit was brought.

The plaintiff could only recover according to his allegations and the evidence. The evidence fails to support the verdict for the amount found by the jury. The estate of Lampley is made liable for charges accruing after the expiration of the partnership. If there are any facts that would make the estate liable for such charges, they were not shown on the trial.

REVERSED AND REMANDED.