HENSLEY BRO. & CO. v. BAGDAD SASH FACTORY CO.

(No. 482, Tex. L. J., vol. 2, p. 470.)

APPEAL from Dallas County.    Opinion by WINKLER, J.

§ **718.** *Evidence; objection to, where trial is before the court without jury.*    In trials of fact without the aid of a jury, the question of admissibility of evidence, strictly speaking, can seldom be raised, since whatever be the ground of objection, the evidence objected to must of necessity be read or heard by the judge in order to determine its character and value.    In such cases, the only question in effect is the sufficiency and weight of the evidence.    [1 Greenl. Ev. § 49.]    And on appeal, a judgment would not be reversible on this ground—of the admission of such testimony.

§ **719.** *Partnership; power of member to bind the firm after a dissolution.*    After dissolution of the partnership, the power of the members to bind the firm ceases, and an acknowledgment of a debt will not of itself be sufficient, inasmuch as that would, in effect, be keeping the firm in life and activity.    To give an acknowledgment

any force, the existence of the partnership must be proved or admitted *aliunde*, and then the confession of a partner after dissolution is admissible as to a demand not barred by the statute of limitations. [3 Kent, 50.] Whether one partner has power to bind the firm by his acknowledgment, after the dissolution of the partnership, of an antecedent indebtedness, has been an unsettled and much disputed question. But there is certainly a great weight of authority in America in support of the negative of the question. [Speake v. White, 14 Tex. 364.] See Alexander v. Lewis, 47 Tex. 481, for a case in many respects similar to the one before us.

§ 720. *Judgment on a partnership debt; incomplete judgment.* A judgment against a partnership should restrict the recovery to the partnership effects. A more formidable objection to the judgment is that it does not dispose of the case in any manner, so far as the estate of the deceased member is concerned, nor was there any dismissal as to his representative. The judgment is defective and incomplete, and may be onerous as to the other defendants, unless the liability of the deceased member's estate had been determined.

January 15, 1879.  Reversed and remanded.