# APRIL, 1919

## T. H. STONE ET AL. V. W. J. JACKSON ET AL. .

### No. 2573.   Decided April 9, 1919.·

**1.—Community Property—Liability for Debts—Conveyance by Survivor—Limitation.**

The surviving husband can ˌlawfully convey community property to discharge a community debt, though same is barred by limitation.   (Pp. 386-391.)

**2.—Same—Right of Heirs.**

The heirs of the wife, on her death, are entitled, not to one-half of the community property as it may exist, but to one-half of what may remain after the discharge of the debts to which such property is liable.   The power of the surviving husband to convey such property to pay the debts exists to the same extent after the wife's death as before, including the right to assert the bar of limitation against the debt, or refuse to do so.   (Pp. 387, 391.)

**3.—Same—Limitation—Moral Obligation.**

The failure of the surviving husband to avail himself of limitation to defeat the discharge of a community debt could not be regarded as a fraud upon the rights of the heirs.   Limitation did not extinguish the debt; it merely denied the right to enforce it through the courts, if the creditor chose to plead the bar.   The surviving husband was not bound, as is an administrator, to disregard the moral obligation, and avail himself of the statute.   (P. 390.)

**4.—Case Stated.**

A surviving husband conveyed community land in consideration, in part, of the assumption and payment by the vendee of a note given by him during the wife's life for purchase money of the land, but which was then barred by limitation.   Held that his conveyance passed not only his own interest in the land, but also that of the heirs of his wife.   (Pp. 386-391.)

**5.—Cases Followed and Discussed.**

Stramler v. Coe, 15 Texas, 221; Leatherwood v. Arnold, 66 Texas, 416; Stout v. Bank, 69 Texas, 393; approved and followed and numerous cases on the right of the survivor to sell community property to pay community debts discussed.   (Pp. 387-390.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Jasper County.

Stone and others sued Jackson and others for recovery of land.   Plaintiffs had judgment which, on appeal by defendants, was reversed, reformed, and rendered in part for appellants.   (155 S. W., 960.)   Appellees, plaintiffs below, then obtained writ of error.   The Supreme Court declined to adopt a recommendation by the Commission of Appeals, to whom the case had been referred, that the judgment of the appellate court be affirmed, and in the opinion following affirmed that of the District Court.

*T. H. Stone, T. C. Ford,* and *H. C. Howell,* for plaintiffs in error.— Where a survivor in community has sold and conveyed community real estate, it will, after a long lapse of time, be presumed that the same was in settlement of a valid and existing community debt, and was done in good faith.   Cruse v. Barclay, 70 S. W., 358; Brown v. Elmendorf, 25 S. W., 145; Manchaca v. Field, 62 Texas, 142; Box v. Ward, 65 Texas, 166; Hensel v. Kegans, 79 Texas, 347; Heinzie v. Robinson, 21 Texas Civ. App., 9; Henry. v. Vaughan, 103 S. W., 192.

A survivor in community, whether he has qualified under the statutes or not, is authorized in his discretion to pay a community debt with community funds or effects, although such debt is, at the time of such payment, barred under the Statute' of Limitation.   Howard v. Johnson, 69 Texas, 655; Nelms v. Nagle, 35 S. W., 60; Huppman v. Schmidt, 65 Texas, 585.

*V. A. Collins,* for defendants in error.—A debt barred by the statute of limitation can not be made a pretext by the surviving husband to convey the interest of his children in the land inherited from their deceased mother to pay community debts.   Moore v. Hardison, 10 Texas, 467; Moore v. Hillebrant, 14 Texas, 312; Cone v. Crum, 52 Texas, 348; Howard v. Johnson, 69 Texas, 655; Corzine v. Williams, 85 Texas, 503; Moody v. Butler, 63 Texas, 210; Roy v. Whitaker, 92 Texas, 357.

The identical question before the court in the instant case, so far as we have been able to find, has not been settled in Texas, except by analogy, but it has been settled in other jurisdictions.   It was settled by the Supreme Court of Louisiana in the case of Latour v. Latour, 65 So., 133.   This case has been followed in Texas in cases growing out of ordinary partnerships.   Speake v. White, 14 Texas, 364; Haddock v. Crocheron, 32 Texas, 276; Kendall v. Riley, 45 Texas, 26; Brown v. Chancelor, 61 Texas, 437.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

While Cleyton Jackson and Maria Jackson were husband and wife they acquired 225 acres of land in Jasper County, in consideration in part of Cleyton Jackson's note for $50, due on the 1st day of January, 1880.   The note was secured by only an implied vendor's lien on the land.   Maria Jackson died in 1883.   On December 22, 1888, Cleyton Jackson conveyed the 225 acres to T. M. Stone, in consideration in part of the payment by T. M. Stone of said purchase money note for $50, which was then barred by limitation, or in consideration in part of money furnished by T. M. Stone to pay the barred note.

This suit was by the heirs of T. M. Stone, as plaintiffs, to recover the 225 acres from the heirs of Maria Jackson, as defendants.   The trial court gave plaintiffs judgment for the 225 acres, and on appeal the judgment was reversed, and judgment rendered awarding one-half the 225 acres to plaintiffs and one-half to defendants.   A writ of error having been granted, the Supreme Court referred the cause to section B

of the Commission of Appeals, who recommended that the judgment of the Court of Civil Appeals be affirmed.

The controlling question presented is of far-reaching importance and is whether the surviving husband is empowered to convey community land, in order to secure the discharge of a community debt, after the expiration of the period required by the statute of limitation to bar the debt.

Nothing is clearer in our law, as declared both by statute and by repeated decisions of this court, than that the community property of the husband and wife is subject to the payment of the debts contracted by either of them during the marriage, except when otherwise specially provided, such exception having no application to the facts of this case; and that the heirs of the wife, on her death, are entitled, not to one-half of the community property as it may then exist, but to one-half of what may remain, after the discharge of the debts to which such property is liable. Arts. 4627, 3592, Rev. Stats.; Jones v. Jones, 15 Texas, 147; Carter v. Conner, 60 Texas, 60.

It is equally clear that the husband is not only ordinarily entitled to the exclusive management and disposition of the property of the community estate during the marriage, but that such right or power of management and disposition, for the purpose of discharging the ordinary debts of the community estate, continues and is likewise exclusive, after the death of the wife, it having been determined that this right or power of the surviving husband overrules that of the administrator of the estate of the wife. Primm v. Barton, 18 Texas, 227; Good v. Coombs, 28 Texas, 50; Moody, Administrator, v. Smoot, 78 Texas, 123, 14 S. W., 285; Levy v. Moody, 87 S. W., 208.

Under these rules there can be no reasonable doubt of a surviving husband's right and power to dispose of community property, for the purpose of discharging ordinary community indebtedness, save such community property as may be exempt, under recent legislation, from such disposition, unless it can be said that upon the husband becoming entitled to defeat the enforcement, by law, of the community indebtedness, through limitations, he is deprived of that right and power.

In the early case of Stramler v. Coe, 15 Texas, 211, the heirs of the wife sought to defeat a conveyance by the husband in 1853, of land belonging to the community estate of the husband and wife, in satisfaction of the husband's bond for title, executed in 1835 during the lifetime of the wife, upon the ground that the right to enforce specific performance of the bond was barred at the date of the wife's death in 1851. In sustaining the title of the vendee of the husband, Chief Justice Hemphill, speaking for the court, declared: "The conveyance of Price, after the death of his wife, being but the completion of the pre-existing arrangement, made during the existence of the matrimony, must be held as valid as if made in the lifetime of the wife. As surviving partner, he had authority to perfect a transaction commenced during the partnership, and this rule is of special force and application in cases

of conjugal partnership, in which there is a head that has the entire control of the affairs of the partnership, with no restraint except that it shall not be abused with fraudulent intent against the rights of the other partner. Such being the rights of the husband, as head of the community and as surviving partner, the heirs of the wife can not repudiate his acts and contracts, begun before, but finished after, the death of their mother. They receive their mother's interest, but encumbered with burdens which have the same binding force and effect upon them, as they have upon the husband and surviving partner." After reviewing the facts relied on to show that limitation had run against an action to enforce the bond for title, Chief Justice Hemphill announced the following conclusion of the court: "The circumstances were not such, it is believed, as would, at the death of Mrs. Price, have defeated a prayer for specific performance; *but whether they were or not, they were certainly not such as would deprive the head of the community, who had made the contract, from the right of carrying it into execution by his voluntary act.*"

We do not think that the question presented here differs in principle from that considered in Stramler v. Coe. And, if the husband possessed the power, in that case, to convey the entire interest of the community in performance of an obligation contracted by him during the marriage, though limitation had barred suit to enforce the obligation, so, in our opinion, the surviving husband must be held, in this case, to have possessed like power to make a conveyance of community land, as against any claim of his wife's children, when such conveyance was executed to satisfy a community debt, though the husband might have defeated a suit on the debt by means of limitation.

In Leatherwood v. Arnold, 66 Texas, 416, 1 S. W., 174, it is said that "the survivor is a trustee of a unique character. He is the owner in his own right of one-half the trust estate. By qualifying under the statute he acquires over the whole the same right of management, control and disposition possessed by the managing partner, during the life of the partnership." That this right of a managing partner includes the right to both renew a debt of the partnership and pay it with the firm assets, after the debt has been outlawed by limitation, is positively declared by this court in the opinion of Judge Stayton in Stout v. Bank, 69 Texas, 393, 8 S. W., 812, when he says: "If during the existence of the partnership a debt owed by it should become barred by the statutes of limitation, no one would doubt that the act of one partner in reviving it by a new promise would bind the firm, and power to pay such a debt stands on the same ground as does his right and power to revive it when barred." It is well settled that all the power to sell property belonging to the community estate, to pay community claims, which may be exercised by the regularly qualified survivor, vests in the survivor who fails to qualify under our statutes. For, failure to qualify in nowise restricts or limits a survivor's power to apply community assets to the discharge of community debts. Dawson v. Holt, 44 Texas, 178;

Sanger Bros. v. Heirs of Moody, 60 Texas, 98; Pierce v. Gibson, 108 Texas, 66, 184 S. W., 502.

Notwithstanding our statutes undertake to except the homestead from the community property which is liable for community debts, as it is "exempt from forced sale," articles 3592 and 3235, Revised Statutes, nevertheless it is undeniably the law that the survivor may convey the homestead, belonging to the community estate, to discharge community debts, which constitute no lien on such homestead. Ashe v. Yungst, 65 Texas, 631; Martin v. McAllister, 94 Texas, 570, 56 L. R. A., 565, 63 S. W., 624; Burkitt v. Key, 42 S. W., 232; Wiener v. Zweib, 105 Texas, 276, 141 S. W., 771, 147 S. W., 867. It follows, therefore, that the power of the survivor to convey property of the community estate, in satisfaction of demands against that estate, can not be held to sustain only conveyances in discharge of such demands as might be enforced against the property conveyed.

Our decisions give precisely the same binding effect to a judgment rendered against the husband alone, on a community debt, when suit is brought before, as when suit is brought after, the death of the wife, with respect to the liability of community property to satisfy same. A reason given for this holding in the opinion of Chief Justice Willie in the leading case of Carter v. Conner, 60 Texas, 58, is a clear affirmation that the conveyance here attacked by the wife's heirs must bind them, such reason being that "the right, title, interest and claim which the husband has in the property in the lifetime of his wife, *so far as the payment of debts is concerned,* is no more than it is after her death. He owns the half, and can manage and dispose of all, in either case, for such purpose." No one would deny that the deed under consideration in this case would have passed the entire title of the community if the wife had been alive when it was executed. Having been made for the purpose of paying a community debt, after the death of the wife, it should be given the same effect as though made in her lifetime; because the right of the husband in and over the community property, so far as the payment of community debts is concerned, is the same before and after the wife's death.

During the wife's lifetime the husband owns only half of the community estate, charged always with payment of the indebtedness to which it may be liable, and there is no restraint on his power of alienation, save that it be not abused with intent to defraud the wife. After the wife's death, the husband continues to own one-half of the community estate, still liable for the payment of the debts with which it is charged, and we see no good reason for imposing other restraint on the surviving husband's power of alienation, for the purpose of satisfying such debts, than that the power shall not be fraudulently exercised as against the heirs of the wife. In announcing that the authority of the husband to sell community property to pay community debts would attach, after the law providing for the qualification of a community survivor had been enacted, without such qualification, the court used the following

language, which is equally applicable here, viz: "We are aware that this view of the law places the destinies and fortunes of the offspring in the power of the father, but in forming general laws and rules it is questionable whether any safer or more disinterested custodian of the rights and welfare of the child has ever been devised than that of the father. That this rule is liable to abuse is not a sound argument against it." Dawson v. Holt, 44 Texas, 179.

It is certain that a community debt or claim is not extinguished because limitation might be successfully invoked to defeat an action thereon. Our "law denies to the holder of the claim any remedy through the courts for its assertion or enforcement, but does not declare the debt satisfied as by payment. . . . The creditor is simply denied a remedy through the courts, if his adversary asserts the statutory bar as a defense." Goldfrank v. Young, 64 Texas, 435, 436; Fievel v. Zuber, 67 Texas, 279, 3 S. W., 273. Since limitation does not operate to deprive the creditor of even his action at law to collect his barred debt, unless the debtor invokes the aid of the statute, we would be compelled to sustain a forced sale of community property, under judgment against the husband alone, after the death of the wife, on a barred community debt. It would be contrary to all established rules to make it obligatory on a debtor to interpose limitations to defeat a debt he still owes, and we can not treat the omission by a surviving husband to plead limitations against a community obligation as actuated by a fraudulent intent against the heirs of the wife, when such omission is just as prejudicial to the right, title and interest of the surviving husband, in and to the community property, as it is prejudicial to the right, title and interest in such property of the heirs of the wife. In considering the effect of a partner's surrender of a legal right of the partnership, in compliance with a moral obligation of the partnership, this court stated: "It must be difficult to predicate a charge of fraud upon an act done in the discharge of a moral obligation such as rested upon the appellants. To render the act of one partner invalid because it may accomplish a purpose disapproved of by the firm, it would seem that the purpose so disapproved should be one that the firm is under neither a legal nor moral obligation to accomplish. . . . The law encourages this discharge of a mere moral obligation, and the act through which this is done can not be fraudulent as to one or more who are burdened with it." Stout v. Bank, 69 Texas, 393, 394, 8 S. W., 808, 812. And it would be patently unreasonable to hold that a purchaser could not acquire a good title, as against the wife's heirs, to community property, by virtue of a voluntary sale by the surviving husband, in satisfaction of a barred community debt, while upholding against attack by such heirs the title to community property, acquired by a purchaser at forced sale, under a judgment against the surviving husband on a barred community debt. Henry v. McNew, 29 Texas Civ. App., 288, 69 S. W., 217.

That the power of the survivor over community obligations is greater than that of the partner in a dissolved firm over partnership obligations

is made manifest by contrasting our decisions which deny the right of the partner to bind the dissolved firm by acknowledgments or renewals of partnership debts with our decisions which assert the right of the survivor to bind the community estate by his acknowledgments and renewals of community debts. Speake v. White, 14 Texas, 364; Brown v. Chancellor, 61 Texas, 438; Frank v. De Lopez, 2 Texas Civ. App., 250, 21 S. W., 279; Morris v. Morris, 47 Texas Civ. App., 244, 105 S. W., 246.

The right or power of the survivor, which we uphold, to make valid disposition of real estate, belonging to the community, for the purpose ·of paying the community debts for which such realty is liable, unrestrained save that it be always exercised in good faith, has its foundation in the obligation or duty to pay those debts with that real estate, and, as long as that obligation or duty subsists, so long ought the survivor's right or power of disposition to continue. With the law placing it within the surviving husband's power to either pay or defeat a just obligation of the community estate of himself and his deceased wife, it is plainly our duty to uphold his election, in good faith, to pay same, and we accordingly hold in this case that the surviving husband's voluntary deed to satisfy the purchase money note, given in the wife's lifetime, for the 225 acres of land in controversy, passed a good title to the entire 225 acres, as against the heirs of the wife, and the judgment of the Court of Civil Appeals is accordingly reversed, and the judgment of the District Court is in all things affirmed.

*Reversed and judgment of District Court affirmed.*