## KAUFFMANN v. HAHN.
### No. 9049.

Court of Civil Appeals of Texas. San Antonio.

April 5, 1933.

Rehearing Denied May 3, 1933.

Putney & Green, of Victoria, for appellant.

J. W. Ragsdale and Edw. C. Thomas, both of Victoria, for appellee.

FLY, Chief Justice.

This suit was instituted by appellee against Elinora Kauffmann, individually and as survivor of the community estate of E. C. Kauffmann, deceased, and herself, on two promissory notes, one for $3,500 and the other for $175, each secured by liens on the same real property, situated in the city of Victoria, county of Victoria, Tex.

There is really no statement of facts, but a paper on which are references to certain exhibits is attached to pleadings in the case. The paper is signed by the attorneys and approved by the trial judge in language as follows: "I approve the above as the statement of facts in the above cause." There was not one word of oral testimony in the record. The note for $3,500 is as follows:

" $3500.00    Victoria, Texas, Feb. 21, 1927.

"On or before three years after date, for value received, I, individually and as survivor of the community estate of myself and E. C. Kauffmann, my deceased husband, promise to pay to A. C. Hahn, or order, at Victoria, in Victoria County, Texas, Three Thousand Five Hundred Dollars, with interest thereon from date until paid at the rate of seven per centum per annum, interest payable annually.

"All past due interest hereon shall bear interest from the maturity thereof until paid at the same rate as the principal.

"This note is secured by a deed of trust to J. T. Linebaugh, trustee, on Lot No. 3, in Block No. 169, in the City of Victoria, in Victoria County, Texas.

"Should default be made in the payment of any annual installment of interest on this note when due, then this note may, at the election of the holder, be declared due and payable.

"I hereby bind myself to insure and keep insured at my own expense the dwelling house situated on the above described land against loss by fire in a sum not less than Four Thousand Dollars, with loss payable to the holder of this note, as his interest may appear and by whom the policies shall be kept, and should I fail to effect and maintain said insurance, then this note may, at the election of the holder, be declared due and payable.

"And it is hereby specially agreed that if this note is placed in the hands of an attorney for collection, is collected by suit or through the probate court, then I agree and promise to pay ten per centum additional on the principal and interest then owing on this note, as attorney's fees.

"The consideration expressed in this note represents community debts owing by me and the said E. C. Kauffmann, deceased, and by the community estate of myself and the said E. C. Kauffmann, deceased, in this:

" $1000.00 thereof is represented by the balance due on a vendor's lien, deed of trust and judgment, all for purchase money, as shown by the vendor's lien reserved in the deed from T. D. Wood to E. C. Kauffmann, recorded in Vol. 59, page 352, of the deed records of Victoria County, Texas, by the judgment of foreclosure, recorded in Vol. 16, page 473, of the Civil Minutes of the District Court of Victoria County, Texas, by the deed of trust from E. C. Kauffmann to John W. Thames, recorded in Vol. 80, page 438, of the deed of trust records of Victoria County, Texas, by the extension thereof recorded in Vol. 93, page 564, of the deed records of Victoria County, Texas, and the transfer of said note and lien by the said E. C. Kauffmann to A. C. Hahn, and there is owing on said extended note and judgment the sum of $1000.00,

which was a community debt of myself and the said E. C. Kauffmann, and this note to that extent is given in extension of said $1,000.00 and said vendor's lien, judgment lien and deed of trust lien is here extended to secure so much of this note, and the sum of $1496.04 of this note is given to pay off state, county, district and school taxes, and $740.23 is given to pay off City taxes on said property, such amounts being now owing thereon, and being valid liens and claims on said property, and most of same being a valid personal obligation against the said E. C. Kauffmann and the latter accruing taxes being a personal obligation against me, and all of said taxes being community debts owing by the community estate of myself and the said E. C. Kauffmann, deceased, and so much of this note as above set forth is given for money advanced to pay off said taxes, tax lien and such community obligation to pay same, only on the express agreement and understanding that, suits being about to be brought to foreclose said tax liens and sell said property, which is community· property of me and said E. C. Kauffmann, deceased, and the community estate aforesaid and I individually being unable to pay same, the said A. C. Hahn or other holder of this note, should and would in all things be subrogated to all liens of the State, County, districts and City, I having requested the said A. C. Hahn to advance said money to pay said taxes and prevent foreclosure of said liens and sale of said property and loss of said property to said community estate, and the said A. C. Hahn, shall be and is hereby in all things subrogated to all of such tax liens of the State, County, districts and City.

"[Signed] Elinora M. Kauffmann, Individually and as survivor of the community estate of E. C. Kauffmann, deceased, and myself."

Said note has the following indorsement on the back thereof: "March 1, 1927. This note is credited with the sum of $105.99."

The second note is for $175 and a plain note of hand, dated February 24, 1928. Each of the notes was secured by a lien on lot 3, block 169, city of Victoria.

 The briefs have ignored all rules, past or present, on the subject of briefing, and in addition difficulty was encountered in reading the pale, indistinct typewritten copies. We do not attempt to follow the briefs in their presentation, but we gain the impression that appellant contends that the debts indicated in the note herein copied were barred by limitation and that the surviving widow could not by contract revive such barred debts. The notes were original obligations of appellant to evidence sums of money borrowed from appellee to be used in the payment of community debts; but even if it be admitted that the instruments were given to revive and secure debts already barred, appellant, as survivor, representing the community estate, had full power and authority to revive such debts and give liens to secure them. This is held by the Supreme Court in the case of Stone v. Jackson, 109 Tex. 385, 210 S. W. 953, 955, wherein other cases are reviewed sustaining the decision. It is also insisted that the survivor, not legally qualified, could not act in settling debts due by the community. The Supreme Court in the cited case is directly opposed to the contention. The court said: "It is well settled that all the power to sell property belonging to the community estate, to pay community claims, which may be exercised by the regularly qualified survivor vests in the survivor who fails to qualify under our statutes; for failure to qualify in no wise restricts or limits a survivor's power to apply community assets to the discharge of community debts. Dawson v. Holt, 44 Tex. 178; Sanger Bros. v. Heirs of Moody, 60 Tex. 98; Pierce v. Gibson, 108 Tex. 66, 184 S. W. 502 [1 A. L. R. 1675]."

Although children figured in the case cited, there is no proof that there were any children interested in the estate which appellant represented, and it must be presumed that there were no children, and that the surviving wife owned the whole estate.

The contract expressed in the note gave full authority to appellee to pay off the taxes and she would be subrogated to all rights under the liens.

There is no merit whatever in this appeal, and all the contentions of appellant are overruled.

The judgment is affirmed.