### WALSTON v. GIBSON.

#### No. 11012.

Court of Civil Appeals of Texas. Galveston.

May 23, 1940.

Rehearing Denied June 20, 1940.

W. R. Petty, of Palestine, for appellant.

J. D. Pickett, of Palestine, for appellee.

MONTEITH, Justice.

This is an appeal in an action in trespass to try title brought by appellee, D. L. Gibson, against appellant, G. C. Walston, for the recovery of the title and possession of a tract of land in Anderson County, Texas, and for the removal of a cloud on his title thereto.

Appellant answered by general demurrer, general denial and a plea of not guilty. He specially pled that a note and lien relied on by appellee were barred by the statute of limitation of four years, Vernon's Ann.Civ. St. art. 5527, and disclaimed all interest in said land except a one-sixth interest therein alleged to have been inherited by him from his mother.

By trial amendment appellee pled that he had purchased from the original vendor a note secured by a vendor's lien on the land in controversy; that J. H. Walston, one of the original makers of said note, individually and as community survivor, had executed a renewal of said note in his favor, renewing and extending the lien retained therein on said land, and that afterwards the said J. H. Walston had deeded said land to him in consideration of the cancellation and surrender of said note. He alleged that the consideration for his surrender thereof and the release of his indebtedness had totally failed by reason of the fact that the said J. H. Walston, prior to the date of the execution of said deed to him, had conveyed the land in controversy to appellant. He prayed that said original indebtedness and lien be revived and decreed to be a valid lien and debt against said land;

that the deed of J. H. Walston to him be cancelled, and for judgment against appellant on his contract to assume payment of said note, with foreclosure of his lien.

J. Harmon Walston and Ada Pearl Gibson, wife of appellee, intervened in the suit. They sought no specific relief and did not appeal from the judgment of the court.

In a trial before the court without a jury judgment was rendered cancelling the deed from J. H. Walston to appellee, reviving said note for $1,260 and the lien by which it was secured, and in favor of appellee against appellant for his debt with foreclosure of his lien.

The record shows that the land in controversy was conveyed by Gene Cook and wife to J. H. Walston and wife, R. C. Walston, on November 14, 1918; that as a part of the consideration therefor grantees executed their promissory note for the sum of $1,000, payable to Gene Cook and secured by a vendor's lien on the land in controversy, and that appellee purchased said note from Gene Cook prior to its maturity; that R. C. Walston died, intestate, on March 18, 1934, leaving as her sole surviving heirs at law her husband and her surviving children, appellant, G. C. Walston, and intervenors, J. Harmon Walston and Ada Pearl Gibson; that on March 26, 1937, there was $2,500 due on said note and that the said J. H. Walston, individually and as community survivor, in consideration of a reduction of the amount due and the extension of the balance thereof for a period of five years, executed a renewal note in favor of appellee in the amount of $1,260, renewing and extending the lien on said land as security therefor. By deed dated April 28, 1937, J. H. Walston conveyed the land in controversy to appellant, G. C. Walston, in consideration of his assumption of the payment of said note for $1,260. By deed dated March 25, 1938, J. H. Walston, who was in default in the payment of interest due on said note, conveyed said land to appellee in consideration of the cancellation and surrender of said note. Appellee had no actual knowledge of the execution of said deed from J. H. Walston to appellant at the time said land was conveyed to him by J. H. Walston. J. H. Walston died, intestate, on February 18, 1939, leaving as his sole surviving heirs appellant, G. C. Walston, and intervenors, J. Harmon Walston and Ada Pearl Gibson. There was no administration on the estates

of either Mrs. R. C. Walston or J. H. Walston. At the time of the death of Mrs. R. C. Walston and at the time of the death of J. H. Walston all debts due by them or by their community estate had been paid with the exception of what was due on said note.

The controlling questions presented in this appeal are, (1) whether J. H. Walston, after the death of his wife, without the joinder of her heirs, had the authority to renew and revive said note and lien in discharge of a community debt without having first qualified under the statute as community survivor, and (2) whether, even if he had this authority, he was empowered, as community survivor, to renew and revive said note and lien after the expiration of the period required by the statute of limitation to bar the debt and lien. Both of these questions have been decided by the Supreme Court of this State.

█ It is now the settled law that, in the absence of fraud, all power to sell property belonging to the community estate to pay community claims, which may be executed by the regularly qualified survivor, vests in the survivor who fails to qualify under our statutes; for failure to qualify in no way restricts or limits a survivor's powers to apply community assets to the discharge of the community debts. Stone v. Jackson, 109 Tex. 385, 210 S.W. 953; Griffin v. Stanolind Oil & Gas Co., 133 Tex. 45, 125 S.W.2d 545; Fidelity Union Ins. Co. v. Hutchins et al., Tex.Sup., 133 S.W.2d 105.

█ That J. H. Walston was empowered, as community survivor, to renew and revive said note and the lien by which it was secured, in discharge of a community debt after the expiration of the period required by the statute of limitation to bar the debt, has also been decided by the Supreme Court.

In the case of Stone v. Jackson, 109 Tex. 385, 210 S.W. 953, 954, in which the facts are similar in all material respects to those in the instant case, the Supreme Court, speaking through Justice Greenwood, says:

"The controlling question presented is of far-reaching importance and is whether the surviving husband is empowered to convey community land, in order to secure the discharge of a community debt, after the expiration of the period required by the statute of limitations to bar the debt.

"Nothing is clearer in our law, as declared both by statute and by repeated decisions of this court, than that the community property of the husband and wife is subject to the payment of the debts contracted by either of them during the marriage, except when otherwise specially provided * * *.

"It is equally clear that the husband is not only ordinarily entitled to the exclusive management and disposition of the property of the community estate during the marriage, but that such right or power of management and disposition, for the purpose of discharging the ordinary debts of the community estate, continues and is likewise exclusive, after the death of the wife; it having been determined that this right or power of the surviving husband overrides that of the administrator of the estate of the wife. * * *

"The conveyance of Price, after the death of his wife, being but the completion of a pre-existing arrangement, made during the existence of the matrimony, must be held as valid as if made in the lifetime of the wife. As surviving partner, he had authority to perfect a transaction commenced during the partnership, and this rule is of special force and application in cases of conjugal partnership, in which there is a head that has the entire control of the affairs of the partnership, with no restraint except that it shall not be abused with fraudulent intent against the rights of the other partner. Such being the rights of the husband, as head of the community and as surviving partner, the heirs of the wife cannot repudiate his acts and contracts, begun before, but finished after, the death of their mother. They received their mother's interest, but incumbered with burdens which have the same binding force and effect upon them, as they have upon the husband and surviving partner. * * *

"We do not think that the question presented here differs in principle from that considered in Stramler v. Coe [15 Tex. 211]; and if the husband possessed the power, in that case, to convey the entire interest of the community in performance of an obligation contracted by him during the marriage, though limitation had barred suit to enforce the obligation, so in our opinion, the surviving husband must be held, in this case, to have possessed like power to make a conveyance of community land, as against any claim of his

**1000**

wife's children, when such conveyance was executed to satisfy a community debt, though the husband might have defeated a suit on the debt by means of limitation."

The rule laid down in the case of Stone v. Jackson, supra, is followed in the case of Kauffmann v. Hahn, Tex.Civ.App., 59 S.W.2d 435, 436, in which the court says: "The notes were original obligations of appellant to evidence sums of money borrowed from appellee to be used in the payment of community debts; but even if it be admitted that the instruments were given to revive and secure debts already barred, appellant, as survivor, representing the community estate, had full power and authority to revive such debts and give liens to secure them."

In further support of the contention that the community survivor may pay a community debt that has been barred by limitation, the court in the case of Alldredge v. Wilson, Tex.Civ.App., 268 S.W. 1045, 1047, says: "The fact that the community debts may have been barred by limitation at the time Alldredge [community survivor] made the conveyance to Henderson would not defeat his deed."

In the case of Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 1085, 115 A.L.R. 329, the court in sustaining this contention uses the following language: "The lapse of time does not satisfy the debt, and although the debt and lien may be barred by limitation, the moral obligation will support an agreement renewing the debt and reviving the lien."

It follows, therefore, that J. H. Walston, as community survivor, had the legal right to renew and extend the purchase-money note given for the tract of land in question, even though, at the time of the renewal thereof, limitation could have been successfully invoked to defeat an action thereon, and that appellant, having purchased said land burdened with the debt and having assumed the payment of said note as a part of the consideration therefor, the trial court rendered the correct judgment in decreeing that appellee was entitled to judgment against appellant on the renewed purchase-money note, and in foreclosing the lien and ordering the land sold in satisfaction thereof.

We have fully considered all other propositions presented in appellant's brief. In our opinion no error is shown in the rec-ord which requires a reversal of the judgment. The judgment of the trial court will, therefore, be in all things affirmed.

Affirmed.