**GRAYSON et al. v. JOHNSON et al.**

No. 2588.

Court of Civil Appeals of Texas. Waco.

June 1, 1944.

Williford & Williford, of Fairfield, for appellants.

W. W. Mason, of Mexia, for appellees.

HALE, Justice.

Israel Grayson and the heirs at law of his deceased wife instituted this suit against Oscar Johnson and others seeking to enjoin the execution of an order of sale and to reform the judgment under which the order had been issued. After pleading the prior judgment in full plaintiffs asserted in their trial petition that the same was not a final judgment and showed on its face that it was null and void. Oscar Johnson answered with a plea in abatement asserting that the suit should be dismissed because it affirmatively appeared from the petition of plaintiffs that the attempted action constituted a collateral attack upon the prior judgment which showed on its face that it was an agreed judgment, regular in form and rendered by a court of competent jurisdiction. Upon a hearing of the issues of law thus joined the trial court sustained the plea and dismissed the suit and plaintiffs have appealed.

As we understand appellants' brief they contend that the trial court erred in dismissing their suit because the prior judgment showed on its face that it was void in that it was to become effective only upon the happening of indefinite future events and its provisions were uncertain as to the amount of the recovery awarded. In passing upon these contentions it is the duty of this court to assume the truth of all material allegations of fact contained in the trial petition, to construe the provisions of the prior judgment as pleaded and determine the legal consequences, if any, of such judgment in the light of the other material facts alleged by appellants.

The prior judgment recites that the cause came on regularly for trial on November 15, 1934 and that the parties plaintiff and Israel Grayson as defendant appeared by attorneys and agreed to the rendition of such judgment. It is therein ordered, adjudged and decreed by the court in substance that plaintiffs do have and recover of and from defendant Grayson the sum of $450 with interest thereon at the rate of 6% per annum from the date thereof until paid, together with a foreclosure of their vendor's lien against certain land fully described by metes and bounds; that $50 cash is to be deposited with the clerk of the court for the use and benefit of plaintiffs as a part of the agreed judgment and before the same is to be entered; and further, that no execution or order of sale should issue on the judgment if the sum of $50 is paid thereon by November 16, 1936 with 6% interest on the amount due and if the additional sums of $50 be paid on the 16th day of each November thereafter until the full sum of $450 with six per cent per annum has been paid; and finally, that upon the failure of defendant Grayson to pay any amount as therein stipulated, the entire indebtedness should be held to be due and the clerk of the court was authorized and directed in that event to issue an order of sale as provided by law. Appellants alleged in their petition that Grayson paid the sum of $50 in accordance with the agreement before the judgment was entered but that he had not paid any further sum since that time because he had been unable to agree with Johnson as to the amount which was owing under the judgment.

We cannot agree with appellants' contentions that the prior judgment was void or that it was to become effective only upon the happening of some indefinite event in the future or that it was uncertain as to the amount of the award. Appellants did not allege any lack of jurisdiction on the part of the court to render such judgment. Moreover, the judgment shows on its face that it was rendered upon consent of the parties by a court of competent jurisdiction over the subject matter there involved.

We think the judgment also shows on its face that it was to become effective from and at all times after its entry as a definite adjudication of the amount of the indebtedness then due and owing as well as the validity of the lien securing the payment of such indebtedness, thereby finally disposing of all issues in the case. The provision with respect to the entry of the judgment appears to be immaterial because the judgment of a court of record does not ordinarily become final until the same is entered in the minutes of the court. Loper v. Hosier, Tex.Civ.App., 148 S.W.2d 889, error dismissed. It is also immaterial whether Grayson and Johnson did or did not thereafter agree on the amount due under the judgment because as a matter of law there was no ambiguity or uncertainty as to the amount adjudicated and appellants affirmatively alleged that they had paid only the sum of $50 as therein provided for.

■ While the judgment contained a proviso for the suspension and postponement of the issuance of an order of sale after its entry, depending upon the happening of certain future contingencies, we do not think such agreed provisions rendered the judgment void, ambiguous or indefinite or prevented the same after its proper entry from being a final judgment within the meaning of the law. The clerk would necessarily know without the attempted exercise of any judicial discretion when the original sum of $50 had been paid so as to authorize the entry of the judgment and after its entry the clerk would likewise know whether the additional payments of $50 with interest were made into the registry of the court within the times therein specified. After entry of the agreed judgment, there was no further contingency upon the happening of which the court might properly be required to perform any further judicial function in connection with the case and hence in our opinion the judgment was a definite and final adjudication of the issues there involved. Shawver v. Masterson, Tex.Civ.App., 65 S.W.2d 1111; Dodd et al. v. Daniel, Tex.Civ.App., 89 S.W. 2d 494; Booth v. Amicable Life Ins. Co., Tex.Civ.App., 143 S.W.2d 836, er. dis., point 4 and authorities; Beam v. Southwestern Bell Tel. Co., Tex.Civ.App., 164 S.W.2d 412, er. ref.; De Zavala v. Scanlan, Tex. Com.App., 65 S.W.2d 489.

■ Appellants further contend that their asserted cause of action constituted a direct attack upon the prior judgment and entitled them to the relief presently sought because it was a proceeding in equity instituted in the same court which rendered such judgment for the purpose of securing injunctive relief and of correcting that part of the judgment which erroneously decreed a foreclosure of a lien against homestead property. They also say they were entitled to attack the judgment collaterally because the heirs at law of the deceased wife of Israel Grayson, who own an interest in the homestead property, were not parties to the judgment. We must overrule these contentions for reasons which we shall mention briefly.

A final judgment rendered by a court of competent jurisdiction over the subject matter and parties involved may be erroneous and voidable, but it cannot be void. 25 T. J., p. 698, Sec. 257 and authorities. In order to modify or amend a voidable judgment by means of an independent suit instituted in the same court at a subsequent term by the same parties or their privies for that purpose, the complaining party must not only show that the judgment complained of is erroneous but he must also show that he was prevented by fraud, accident, or the act of the adverse party, without fault or negligence on his part, from urging proper objections to the judgment at the time and in the manner ordinarily required by law. Gehret et ux. v. Hetkes, Tex.Com.App., 36 S.W. 2d 700; Stewart v. Byrne, Tex.Com.App., 42 S.W.2d 234. Although appellants alleged facts in this case which if timely urged and proved in the former suit would have constituted a valid defense against the foreclosure of the lien in the prior judgment, they did not allege that Israel Grayson was in anywise prevented from presenting such defense in the former suit or that he was induced to agree to such judgment by reason of fraud, accident, mistake or any other circumstance beyond his control.

■ Furthermore, the judgment recites that the lien therein foreclosed was a vendor's lien and the trial petition of appellants discloses that the debt involved was a community debt of Israel Grayson and his wife. Therefore, if the wife was living at the time of the institution of that suit she was precluded by the judgment there rendered and entered and if she was not living at such time her heirs at law were nevertheless bound thereby, even

though they were not parties to the prior suit. Henry v. McNew, 29 Tex.Civ.App. 288, 69 S.W. 213, er. ref.; Stone v. Jackson, 109 Tex. 385, 210 S.W. 953; Ohmart v. Highbarger, Tex.Civ.App., 43 S.W.2d 975, er. ref.; Starr v. Schoellkopf Co., 131 Tex. 263, 113 S.W.2d 1227; Walston v. Gibson, Tex.Civ.App., 141 S.W.2d 997, er. ref.

Finding no reversible error, the order of dismissal here appealed from is affirmed.